THE STATE OF OHIO, APPELLEE, *v.* REED, APPELLANT█

(No. 77-CA-6—Decided September 28, 1977.)

*Mr. Fleet Freeman,* prosecuting attorney, and *Mr. David L. Hostetler,* for appellee.
*Mr. Charles E. Mathay,* for appellant.

DOWD, J. The substantive issue which the appellant-juvenile, Scott Reed, attempts to raise with this appeal is the claimed application of the statutory speedy trial provisions of R. C. 2945.71 *et seq.* to juvenile traffic offenders.

Scott Reed was given a uniform traffic ticket for speeding (69 MPH in a 55 MPH zone) on November 23, 1976. That portion of the uniform traffic ticket normally used as a summons instructing the defendant when and where to appear to answer was not completed. Scott Reed was subsequently arraigned on February 8, 1977, with counsel after previously appearing with his parents without counsel on December 28, 1976, apparently in response to a summons issued December 3, 1976.

On February 24, 1977, Scott Reed's motion for a continuance was overruled. On March 1, 1977, a hearing was held on the speeding charge after Scott Reed's motion for dismissal pursuant to R. C. 2945.73 was overruled. Scott Reed was found guilty and sentenced.

194

The record does not disclose whether the motion to dismiss was overruled because the Juvenile Court found no violation of the statutory speedy trial mandate or because the court found the provisions of R. C. 2945.71 et seq. inapplicable to juvenile traffic offenders.

Were we to find that the provisions of R. C. 2945.71 et seq. apply to juvenile traffic offenders, we would remand this cause for further proceedings to the Juvenile Court to follow the guidelines set forth by the Ninth District Court of Appeals in State v. Messenger (1976), 49 Ohio App. 2d 341, so that the basis of the Juvenile Court's factual determination and ruling would be apparent for the purpose of appellate review.

However, it is our conclusion that the statutory speedy trial provisions for adults in Ohio do not apply to juveniles. It is readily apparent that adult and juvenile offenders are treated as two separate classes by the Ohio General Assembly. Such a fact does not render the treatment received by the juvenile to be of unconstitutional dimensions. The statutory speedy trial provisions for adults in Ohio constitute a legislative determination that it is in the public interest that adults be tried within certain time limits. However, the failure to provide an adult with a statutory speedy trial does not necessarily equate with denial of a constitutional speedy trial.[2] With respect to the constitutional right to a speedy trial, the rationale and progeny of In re Gault (1967), 387 U. S. 1, suggests there is no distinction between adults and juveniles. But no argument is advanced on behalf of Scott Reed that he was denied a constitutional speedy trial, apart from the "R. C. 2945.71 et seq. application to juveniles" argument. However, we conclude that our declaration that the adult statutory speedy trial provisions do not apply to juveniles does not, standing alone, constitute a denial of a juvenile's right to a constitutional speedy trial.

[2] The tests to apply to determine whether a constitutional speedy trial has been denied are found in Barker v. Wingo (1972), 407 U. S. 514.

In recognition of the authority of the legislature to prescribe different procedures for the enforcement of criminal statutes as between juveniles aand adults, we declare than the adult statutory speedy trial provisions, absent a legislative declaration of application to juveniles, do not apply to juveniles.

For the foregoing reasons, the sole assigned error that the Juvenile Court erred in not dismissing the speeding charge, pursuant to R .C. 2945.73, is overruled.

The judgment of the Juvenile Court of Coshocton County is affirmed and this cause is remanded to that court for the execution of sentence.

*Judgment affirmed.*

RUTHERFORD, P. J., and PUTMAN, J., concur.