THE STATE OF OHIO, APPELLEE, *v.* MCKINNON, APPELLANT.

(No. 12961—Decided August 26, 1987.)

*Lynn Slaby,* prosecuting attorney, for appellee.

*Lawrence J. Whitney,* for appellant.

GEORGE, J. At about 3:00 p.m. on March 29, 1986, a car driven by defendant-appellant, James P. McKinnon, swerved across the center line on

Route 303 in Richfield Township and struck an oncoming car. The driver of the other vehicle was killed. McKinnon, severely injured, was taken to the hospital where an emergency room physician ordered a blood test. The test showed a .176 blood-alcohol content.

McKinnon was indicted for one count of aggravated vehicular homicide, R.C. 2903.06(A), with specifications that he caused physical harm to a person during the commission of the offense and that he had previously been convicted of driving while under the influence of alcohol. He was also indicted for driving under the influence of alcohol, R.C. 4511.19(A)(1); having a prohibited blood-alcohol content, R.C. 4511.19(A)(2); engaging in reckless operation of a vehicle, R.C. 4511.20; having unauthorized plates, R.C. 4549.08; and not having an operator's license, R.C. 4507.02. At the close of the state's case, the trial court granted a judgment of acquittal on the BAC count. A jury found McKinnon guilty of the other five counts, as well as the physical harm specification. The specification relating to a prior conviction was dismissed. McKinnon was sentenced accordingly. This court affirms his convictions.

McKinnon has raised two assignments of error:

"1. The trial court erred in admitting over objection of the appellant the hospital record of appellant containing the results of a blood-alcohol test, which was obtained by appellant's physician during the course of a medical examination and not requested by any police agency.

"2. That the trial court erred in admitting the results of a blood-alcohol test administered to appellant at the request of appellant's attending physician."

It is McKinnon's contention that a blood-alcohol test ordered by an attending physician is a privileged physician-patient communication within the purview of R.C. 2317.02(B) and thus should not have been admitted into evidence. R.C. 2317.02 provides in pertinent part:

"The following persons shall not testify in certain respects:

"* * *

"(B) A physician concerning a communication made to him by his patient in that relation or his advice to his patient * * *."

This statute, being in derogation of the common law, must be strictly construed; consequently, only the relationship specifically named therein is protected. *Weis* v. *Weis* (1947), 147 Ohio St. 416, 34 O.O. 350, 72 N.E. 2d 245. The statute prohibits the physician from testifying as to communications made to him by the patient. Assuming the blood-alcohol test administered in connection with McKinnon's physical examination constitutes a communication, it was the medical technologist who conducted the test who testified here as to the results, not the attending physician. The relation of medical technologist and patient not being named in the statute, the medical technologist is not prohibited by the statute from testifying.

Nor can the test results be deemed protected on an agency theory, where the physician directed the medical technologist to run the test. That argument was specifically rejected in *Weis*, where the communications in dispute were made to nurses who were employed by the hospital and worked under the direction of the attending physician. Communications made to a nurse in the performance of her duties are not privileged unless the nurse is also a physician or surgeon. *Weis*, *supra*, at 429, 34 O.O. at 355-356, 72 N.E. 2d at 252.

McKinnon's first assignment of error actually objects to admission of the hospital record containing the results

of the test. The statutory privilege does extend to hospital records containing privileged communications. *Weis, supra,* at paragraph five of the syllabus; *Humphry* v. *Riverside Methodist Hosp.* (1986), 22 Ohio St. 3d 94, 96, 22 OBR 129, 131, 488 N.E. 2d 877, 879. But the record itself was not produced here until after the technologist had testified as to the results of the test. Consequently, evidence of the results found in the medical record was merely cumulative. The first assignment of error is overruled.

McKinnon then argues the test results should not have been admitted because the hospital did not comply with the requirements of R.C. 4511.19, Ohio Adm.· Code 3701-53-05, and Department of Health Instruction 009. Defects in conducting the blood-alcohol test, however, go to the weight and not the admissibility of the evidence. *State* v. *Stinson* (1984), 21 Ohio App. 3d 14, 21 OBR 15, 486 N.E. 2d 831.

Here, expert testimony established that the testing procedures were reliable and that the blood test was performed by a qualified person. There was testimony that the use of an alcoholic antiseptic and lack of anticoagulant in the container would not significantly alter the test results. The hospital's labeling procedures are designed to avoid confusion among patient tests; they are sufficient to satisfy state requirements. Lack of refrigeration of the blood sample would be in defendant's favor, since that fact would only lessen (through evaporation) the amount of alcohol in the blood sample. See *State* v. *Plummer* (1986), 22 Ohio St. 3d 292, 295, 22 OBR 461, 464, 490 N.E. 2d 902, 905, fn. 2.

Finally, while the medical technologist did not explain the test results, the county coroner, who is a medical doctor and pathologist, testified as to the meaning of the test results. A proper foundation was established for admission of the blood test. The second assignment of error is overruled and the conviction is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and BAIRD, J., concur.