**In re CORCORAN.**

[Cite as *In re Corcoran* (1990), 68 Ohio App.3d 213.]

Court of Appeals of Ohio,
Geauga County.

No. 89–G–1501.

Decided June 25, 1990.

214

*Edward M. Corcoran,* for appellant.

*David P. Joyce,* Prosecuting Attorney, and *Steven E. Patton,* for appellee.

---

JOSEPH E. MAHONEY, Judge.

On June 23, 1988, appellant, Michael Corcoran, and his friend, Tim Bravchok, both thirteen years old, entered The Pampered Pet, a pet store located in the Bainbridge Commons in Bainbridge Township, Ohio. They proceeded to a thirty-five gallon aquarium containing six to eight gerbils, whereupon, Bravchok asked the appellant whether he should drop some super glue on one of the gerbils. The appellant responded by saying it did not matter to him. Bravchok then dripped some glue on the back of one of the gerbils.

An employee of The Pampered Pet, Julia Ann Fretter, saw the boys standing by the gerbil cage but did not witness the gluing incident. After the boys had left the store, Fretter discovered the glue on the gerbil and telephoned the police, whereupon the boys were located and questioned by the police.

On July 22, 1988, a complaint was filed in the Geauga County Common Pleas Court, Juvenile Division. The complaint alleged that the appellant was a delinquent child pursuant to R.C. 2151.02 in that he violated R.C. 2909.07, which is the criminal mischief statute. A hearing was scheduled for September 19, 1988 but was continued upon motion of the state because one of the key witnesses was in the hospital. The hearing was rescheduled for November 14, 1988.

On November 14, 1988, the hearing was continued to December 28, 1988. The juvenile court stated that this second continuance was "for good cause shown."

The appellant filed a motion to dismiss on November 23, 1988, which was subsequently denied by the juvenile court. On December 12, 1988, the appellant filed a motion to dismiss pursuant to Juv.R. 9. The juvenile court denied this motion on December 13, 1988.

On December 28, 1988, a hearing was held on the matter and the appellant was adjudged to be a delinquent child.

The appellant timely filed a notice of appeal, setting forth the following assignments of error:

"1. The trial court erred to the prejudice of defendant-appellant in not avoiding formal court proceedings and utilizing alternate resources in this case pursuant to Juv.R. 9; in denying his motions to dismiss, and in conducting the hearing in the manner of a criminal trial with the intent to punish.

"2. The trial court erred to the prejudice of defendant-appellant in finding him an accomplice or participant because he did not exhibit heroism and either do something to stop Tim Bravchok from putting glue on the gerbil or leave the scene.

"3. The trial court erred to the prejudice of defendant-appellant in not providing him with a speedy trial as required by Article 1, Section 10 of the Ohio Constitution and R.C. 2945.71(B)(1) and in subsequently denying his motion for a dismissal made on November 23, 1988.

"4. The trial court erred to the prejudice of defendant-appellant in requesting the principal of his school to fill out a questionnaire titled SCHOOL REPORT FORM requesting information regarding his academic aptitude and achievement, grades, deportment, parental cooperation and drug use."

In his first assignment of error, the appellant contends that the trial court erred in not avoiding formal court proceedings, in denying his motion to dismiss, and in conducting the hearing in the manner of a criminal trial.

Juv.R. 9(A) states:

"In all appropriate cases formal court action should be avoided and other community resources utilized to ameliorate situations brought to the attention of the court."

In the instant cause, the appellant filed a motion to dismiss based on Juv.R. 9 prior to the hearing. The appellant requested an outright dismissal and did not suggest that other community resources be utilized to ameliorate the situation. It is clear from the language of Juv.R. 9 that formal court action is permissible in appropriate cases, and that it is within the discretion of the juvenile court to proceed in such a manner.

According to R.C. 2151.01, among the purposes of the law involving juveniles is to provide for the care, protection, and mental and physical development of children, as well as to assure a fair hearing in which their constitutional and other legal rights are recognized and enforced. With this in mind, providing the appellant with the necessary care, protection, and mental development would not have been achieved by simply dismissing the case because he claimed no wrongdoing.

■ Juv.R. 27 and R.C. 2151.35 state that a juvenile hearing may be held in an informal manner. The appellant argues that it was error for the juvenile court to fail to conduct the hearing in an informal manner, yet once again that decision is within the discretion of the juvenile court. Further, a review of the partial transcript that appellant has provided fails to indicate that the appellant was prejudiced by the manner in which the hearing was conducted or that his constitutional rights were not protected.

The appellant's first assignment of error is without merit.

In his second assignment of error, the appellant argues that the juvenile court erred in concluding that he was an accomplice or a participant based on his failure to stop Tim Bravchok from putting glue on the gerbil. In essence, the appellant asserts that the juvenile court's finding that he was an accomplice was against the manifest weight of the evidence.

The Ohio Supreme Court has held, with respect to the standard of review: ˙

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. Accord *Frankenmuth Mut. Ins. Co. v. Selz* (1983), 6 Ohio St.3d 169, 6 OBR 227, 451 N.E.2d 1203.

In addition, App.R. 9(B) provides, in part:

" * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, he shall include in the record a transcript of all evidence relevant to such findings or conclusion. * * * "

■ In the present case, the original proceedings were transcribed by the use of a video recording system. The appellant provided this court a copy of these videotapes but provided only a partial written transcript of the videotapes. For purposes of filing, the videotaped copy of the proceedings was sufficient; however, according to App.R. 9(A):

" * * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs. * * * "

The appellant provided only the transcribed portions of the proceedings in the juvenile court that were favorable to his cause.

The appellant's failure to include in the record transcribed portions of all the testimony relevant to his claim that the juvenile court's decision is against the manifest weight of the evidence prevents this court from addressing the issue.

218

Instead, a presumption of regularity of the proceedings below arises. *Ostrander v. Parker–Fallis Insulation Co.* (1972), 29 Ohio St.2d 72, 58 O.O.2d 117, 278 N.E.2d 363; *In re Bashlor* (Oct. 11, 1988), Geauga App. No. 1385, unreported, 1988 WL 105586.

For the foregoing reasons, the appellant's second assignment of error is overruled.

■ In his third assignment of error, the appellant claims the juvenile court erred in not providing him a speedy trial as required by the Ohio Constitution and R.C. 2945.71(B)(1). The appellant specifically asserts that he should have been brought to trial within forty-five days pursuant to R.C. 2945.71(B)(1). The Ohio Supreme Court in *State, ex rel. Williams, v. Court of Common Pleas* (1975), 42 Ohio St.2d 433, 71 O.O.2d 410, 329 N.E.2d 680, determined that the statutory speedy trial provisions of R.C. 2945.71(C) do not apply to delinquency proceedings. The court stated:

" * * * We find it unnecessary to decide whether a minor has a constitutional right to a speedy disposition of juvenile charges pending against him. * * * Juv.R. 29(A) provides:

" 'The date for the adjudicatory hearing shall be set when the complaint is filed, or as soon thereafter as is practicable. If the child who is the subject of the complaint is in detention or shelter care, the hearing shall be held not later than ten days after the filing of the complaint; upon a showing of good cause the adjudicatory hearing may be contained and detention or shelter care extended.' " *Id.* at 435, 71 O.O.2d at 411, 329 N.E.2d at 681, fn. 4.

Subsequently, the Court of Appeals for Coshocton County in the case of *State v. Reed* (1977), 54 Ohio App.2d 193, 8 O.O.3d 333, 376 N.E.2d 609, specifically held that " * * * the statutory speedy trial provisions for adults in Ohio do not apply to juveniles * * *." *Id.* at 194, 8 O.O.3d at 334, 376 N.E.2d at 610. See, also, *In the Matter of Taylor* (June 1, 1984), Wood App. No. WD–83–99, unreported, 1984 WL 7892.

■ Concerning the appellant's constitutional argument, the United States Supreme Court has held that four factors are relevant in determining whether the Sixth Amendment right to a speedy trial has been violated. These factors include: (1) the length of the delay, (2) the reason for the delay, (3) whether and when the defendant asserted the right to a speedy trial, and (4) whether the defendant was prejudiced by the delay. *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101.

Although the Ohio Supreme Court has not applied these factors to juvenile cases, there is no indication in the case *sub judice* that the appellant was prejudiced in any way due to the delay.

The appellant's third assignment of error is without merit.

In the appellant's fourth assignment of error, he claims that the juvenile court erred in requesting the principal of his school to fill out a questionnaire regarding his academic aptitude and achievement, grades, deportment, parental cooperation, and drug use.

There is no evidence in the record that said report ever existed, but if it did there is no evidence that it was used at the adjudicatory hearing.

The appellant's fourth assignment of error is without merit.

For the reasons stated herein, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and FORD, J., concur.