**In re WASHBURN.  (Two Cases.)**

[Cite as *In re Washburn* (1990), 70 Ohio App.3d 178.]

Court of Appeals of Ohio,
Wyandot County.

Nos. 16–90–16, 16–90–17.

Decided Oct. 31, 1990.

E. *Michael Pfeifer*, Assistant Prosecuting Attorney, for appellee.
*Daniel E. Shifflet*, for appellant.

THOMAS F. BRYANT, Judge.

This is a consolidated appeal by Ryan Washburn from a judgment of the Court of Common Pleas of Wyandot County, Juvenile Division, finding him to be a juvenile traffic offender.

Shortly after midnight October 16, 1988, on State Route 53 near Upper Sandusky, Ryan drove his 1984 Camaro into the rear of a loaded grain truck moving on the road ahead of him.

Ryan and his two passengers were taken by ambulance to Wyandot Memorial Hospital for treatment of their injuries. Acting on instructions by the emergency room physician, a medical laboratory technician, Linda Swihart, drew a blood sample from Ryan and tested it for blood-alcohol content.

Trooper Grau of the Ohio State Highway Patrol, while investigating the accident, spoke to Ryan at the hospital emergency room, ascertained Ryan's suffering and yelling, learned that Ryan professed no recollection of the collision, and observed the strong odor of alcoholic beverage on Ryan's breath. Because of Ryan's painful injuries he was not asked to perform coordination or sobriety tests, nor was he taken into police custody.

Learning that a sample of Ryan's blood had been taken earlier for testing, Trooper Grau told the emergency room doctor that Ryan's blood-alcohol test result would be subpoened. No subpoena was issued or required for the trooper to obtain the results of Ryan's blood-alcohol test, however, for when

Trooper Grau called later at the hospital he was given the test result documents in accordance with hospital policy.

Ryan was served November 8, 1988 with summons and copies of three complaints. The original three complaints, each bearing a separate case number, were later filed November 30, 1988 in the Juvenile Division of Wyandot County, where the accident occurred. The complaints charged Ryan as a juvenile traffic offender pursuant to R.C. 2151.021 for driving under the influence of alcohol, assured clear distance and seat belt violations. On December 1, 1988, the matters were transferred to the Marion County Juvenile Division, apparently in Ryan's county of residence, and, later, upon Ryan's entering his denial of the charges against him, the proceedings were re-transferred to Wyandot County Juvenile Division by entry of the Marion County Juvenile Division dated December 21, 1988 and filed in Wyandot County January 3, 1989. Pretrial conference was held in Wyandot County Juvenile Division February 16, 1989, at which time an adjudicatory hearing was set for April 24, 1989. However, after entry of appearance of additional counsel for Ryan and delay incident to discovery, numerous motions and requested continuances agreeable to the parties, the adjudicatory hearing was held November 20, 1989. After the filing of written closing arguments by the state of Ohio on November 24, 1989 and by Ryan's counsel on February 8, 1990, the court entered its judgment March 9, 1990 finding Ryan guilty beyond a reasonable doubt of violating the assured clear distance statute, R.C. 4511.21(A), and upon the amended complaint of operating a motor vehicle with a concentration of .10 of one percent or more by weight of alcohol in his blood in violation of R.C. 4511.19(A)(2). Based upon these findings, Ryan was adjudicated a juvenile traffic offender. The court dismissed the seat belt complaint for failure of proof beyond a reasonable doubt. A dispositional hearing was held April 2, 1990 and judgment was entered April 16, 1990.

Among the numerous motions filed in the trial court by appellant was a motion filed April 6, 1989 seeking to suppress Ryan's blood-alcohol tests for want of probable cause for the officer to arrest Ryan and for reasons of non-compliance with both the implied consent statute and the regulations of the Department of Health. Ryan's memorandum in support of motion was filed April 20, 1989.

On April 10, 1989, Ryan filed a motion to dismiss the three complaints against him for failure to comply with the Speedy Trial Act, R.C. 2945.71 *et seq.* A memorandum in support of the motion was filed May 26, 1989.

After responses by the state of Ohio, the trial court entered its judgment on July 14, 1989, overruling both the motion to suppress and the motion to

dismiss. The test documents sought to be suppressed were admitted at trial by stipulation of counsel.

Appealing from final judgment of disposition, Ryan asserts two assignments of error, the first of which is:

"The trial court erred in overruling appellant's motion to dismiss for the reason that appellant was denied his right to speedy trial and was entitled to dismissal of all of his charges pursuant to R.C. Section 2945.73(B)."

█ Appellant's assignment of error and argument are premised on applicability in this juvenile proceeding of the speedy trial provisions and time limits of R.C. 2945.71 *et seq.*

R.C. 2945.71(B) provides in pertinent part:

"(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"* * *

"(2) Within ninety days after his arrest or the serving of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."

R.C. 2945.73(B) is:

"(B) Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code."

That the foregoing statutes are applicable to the trial of adults in criminal proceedings is clear. However, juvenile proceedings involving juvenile traffic offenders are not criminal proceedings and do not try the alleged juvenile offender for any crime, either misdemeanor or felony. Thus, R.C. 2945.71 *et seq.* does not apply to either the proceedings from which appeal is brought here or to the juvenile traffic offender. *In re Moes, an Alleged Juvenile Traffic Offender* (Sept. 24, 1976), Seneca App. No. 13–76–7, unreported. See, also, *State v. Reed* (1977), 54 Ohio App.2d 193, 8 O.O.3d 333, 376 N.E.2d 609.

█ Although appellant has not addressed the trial court's compliance with the Rules of Juvenile Procedure and statutes applicable to juvenile proceedings in juvenile court, our review of the record of proceedings below discloses the trial court's apparent compliance with the spirit of the rules and we cannot conclude that any delay in accomplishment of adjudicatory and dispositional hearings concerning appellant, prior to or after the filing of his motion to dismiss the complaints against him, has resulted in unfair prejudice to him of a constitutional dimension or otherwise.

As noted in *State v. Reed,* the time limits established by R.C. 2945.71 *et seq.* express the legislative determination of public interest for the trial of adults within those time limits, but do not establish or equate them with the maximum time limits for speedy trial required by either the Constitution of the United States or that of the state of Ohio.

Appellant's first assignment of error is overruled.

Appellant's second assignment of error is:

"The trial court erred in overruling appellant's motion to suppress blood-alcohol tests for the reason that said blood-alcohol tests were obtained by the state in violation of the physician-patient privilege [R.C. 2317.02(B)]."

R.C. 2317.02 as in effect at the time of the events here in issue provided that certain persons might not testify in certain respects, including a physician concerning a communication made to him by his patient in that relation or his advice to his patient, except as otherwise provided by statute or with express consent to the disclosure or waiver of the privilege by the patient or the patient's guardian or personal representative.

A "communication" was defined to include a hospital communication such as a laboratory test and results.

This *statute,* being in derogation of the common law, which recognized no such privilege, must be strictly construed. *Weis v. Weis* (1947), 147 Ohio St. 416, 34 O.O. 350, 72 N.E.2d 245. A medical laboratory technician is not one of those persons listed in R.C. 2317.02, communication to whom may be privileged, unless the technician is also a physician or other person listed in the statute. *State v. McKinnon* (1987), 38 Ohio App.3d 28, 525 N.E.2d 821.

The testimony of the medical laboratory technician, Linda Swihart, of which testimony appellant complains, is not, therefore, testimony within the physician-patient privilege afforded by R.C. 2317.02(B). Further, exclusion of such testimony by the extension of the privilege from physician to technician by agency principle has been rejected by the Supreme Court. *Weis,* 147 Ohio St. at 429, 34 O.O. at 356, 72 N.E.2d at 252.

It seems that the test documents, however, fall within the privileged category of communications, and were inadmissible in evidence unless otherwise excepted, as by consent or waiver.

At trial, counsel stipulated admission of the test documents. To the extent appellant's objection to their receipt, overruled on pretrial motion to suppress, may now be brought before this court on appeal, we hold it has been waived by stipulation in the absence of further objection at trial appearing in the record. Moreover, the documentary test evidence is merely cumulative to

the testimony of Linda Swihart concerning the blood-alcohol test results and is not, therefore, unfairly prejudicial to appellant.

The second assignment of error is also overruled.

The judgments of the Court of Common Pleas of Wyandot County, Juvenile Division are affirmed.

*Judgment affirmed.*

MILLER and EVANS, JJ. concur.