Plaintiffs-appellants, William Hess, Administrator of the Estate of Winifred Turner, and the Estate of Winifred Turner, appeal from an order of the Franklin County Court of Common Pleas granting a motion brought by defendants-appellees, James Rader and Financial Asset Management, Inc., seeking a stay of proceedings pending arbitration.
Appellants filed their action against George Heer, Financial Asset Management, Inc., and James Rader, individually, and in his capacity as President of Financial Asset Management, Inc., alleging theft, fraud, securities law violations, breach of fiduciary duty and negligence. Heer was a licensed securities account representative and served as a financial advisor to appellants' decedent, Winifred Turner, from sometime in the mid-1980's until her death in 1997. Heer was affiliated during this period with appellees Rader and Financial Asset Management, Inc. He is variously described in the pleadings as an employee, agent, or independent contractor with Financial Asset Management, Inc. Appellants' complaint alleges that during the period in question, Heer fraudulently converted in excess of $900,000 from Winifred Turner's personal assets, converted antique jewelry and furniture with a value in excess of $25,000, and otherwise breached his fiduciary duty to the decedent.
Appellees allege that in connection with her financial dealings with appellees, Ms. Turner signed a "customer agreement" in which she agreed, in pertinent part, to submit to arbitration as follows: "You agree, and by maintaining an account for you Bear Stearns agrees, that controversies arising between you and Bear Stearns concerning your accounts or this or any other agreement between you and Bear Stearns, whether entered into prior to, or subsequent to the date hereof, shall be determined by arbitration." The customer agreement further provided: "You agree that your broker is a third-party beneficiary of this Agreement and that the terms and conditions hereof, including the arbitration provision, shall be applicable to all matters between or among any of you, your broker or Bear Stearns." The arbitration clause of the customer agreement further provided that arbitration would be final and binding on the parties and the parties were waiving their rights to seek judicial remedies.
The trial court granted the motion of appellees Rader and Financial Asset Management, Inc., for a stay pending arbitration, pursuant to the arbitration clause in the account agreement, and R. C. 2711.02:
 "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court for which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement * * *."
An order entered pursuant to R.C. 2711.02 is a final appealable order that may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure. Fabe v.Columbus Ins. Co. (1990), 68 Ohio App.3d 216.
 Appellants timely appeal and bring the following assignment of error:
 "The Common Pleas Court erred in staying trial of Plaintiff's Complaint pending arbitration."
Appellants present three arguments urging reversal of the trial court's order to stay proceedings. Appellants assert that the account agreement generally, and the arbitration clause in particular, are unenforceable because the decedent lacked the capacity to contract at the time she signed the agreement; that the agreement is otherwise void for fraud in the factum or fraud in the inducement; and that appellees Rader and Financial Asset Management, Inc., are not parties to the agreement, which is executed in the name of Bear Stearns without reference to the names of the above — named appellees.
It is well-settled that the law of the state of Ohio favors and encourages resolution of disputes through arbitration, particularly where the dispute arises under a written agreement containing an arbitration clause. Kelm v. Kelm (1993), 68 Ohio St.3d 26,27; Campbell v. Automatic Die Products Co. (1954),162 Ohio St. 321. In recognition of this policy, the General Assembly has enacted R.C. 2711.02, which requires a court to stay an action if the issue involved falls under an arbitration agreement.
We first address appellants' contention that the arbitration clause is unenforceable because the entire customer agreement should be voidable based upon fraud in the inducement. "To defeat a motion for stay brought pursuant to R.C. 2711.02, a party must demonstrate that the arbitration provision itself in the contract at issue, and not merely the contract in general, was fraudulently induced." ABM Farms, Inc. v. Woods (1998),81 Ohio St.3d 498, syllabus. "A claim of fraud in the inducement arises when a party is induced to enter into an agreement through fraud or misrepresentation." Id. at 502. The fraud must thus relate to the facts inducing execution of the contract, rather than the nature or object of the contract. Haller v.Borror Corp. (1990), 50 Ohio St.3d 10, 14. In order to show fraud in the inducement, a plaintiff must establish knowing, material misrepresentation with the intent of inducing reliance, and actual reliance upon that misrepresentation in execution of the contract. Beer v. Griffith (1980), 61 Ohio St.2d 119,123.
In the present case, while appellants have generally alleged fraud or negligence on the part of the various appellees, there is no allegation of fact that the arbitration clause itself was fraudulently induced. This argument by appellants is therefore without merit.
We now turn to appellants' argument that appellants' decedent lacked the capacity to enter into the customer agreement, and that the agreement and its arbitration clause are thus unenforceable. While the pleading contains general assertions that Winifred Turner suffered an inability to manage her own affairs from the early 1990's until her death in 1997, there is no specific allegation in the complaint that the customer agreement, dated in February 1991, should be voided because the decedent at that time lacked the capacity to enter into a contract. On the state of the pleadings before us, we find the trial court did not err when it declined to rely on the decedent's alleged lack of capacity as a potential bar to arbitration.
Finally, we address appellants' argument that the dispute between the parties to the present appeal are not subject to the arbitration agreement, because the arbitration agreement is executed in the name of the decedent and Bear Stearns. Appellees assert that they are beneficiaries of the arbitration clause because of a business association with Bear Stearns in which they served as local representatives for the firm, which then handled their brokerage transactions on the market.
Parties not privy to a contract may not benefit from an arbitration agreement incorporated therein. Kline v. OakridgeBuilders, Inc. (1995), 102 Ohio App.3d 63. A trial court staying a suit pending arbitration pursuant to R.C. 2711.02, must be "satisfied that the underlying dispute is referable to arbitration under the agreement between the parties." Brumm v.McDonald Co. Securities, Inc. (1992), 78 Ohio App.3d 96, 101.
On the present facts, we find that the threshold issue of whether or not appellees Rader and Financial Asset Management, Inc., were privy to the customer agreement between the decedent and Bear Stearns has not been adequately addressed by the trial court. In the absence of an evidentiary hearing on the issue of whether appellees were parties to the arbitration clause, the trial court had insufficient basis to find that the matter was subject to the arbitration clause and should be stayed. It may well be that appellees can establish, without great difficulty, their relationship with Bear Stearns and thereby benefit from the arbitration clause in the agreement. In the absence of a stipulation to such a state of affairs by appellants, the trial court should have at a minimum required proof of this prior to issuing the stay.
Accordingly, we find that the judgment of the Franklin County Court of Common Pleas entering a stay pursuant to R.C. 2711.02
shall be reversed, and the matter shall be remanded for an evidentiary hearing as to whether appellees Rader and Financial Asset Management, Inc., can properly invoke the arbitration clause in the customer agreement between appellants' decedent and Bear Stearns.
Judgment reversed and cause remanded.
BOWMAN and BROWN, JJ., concur.