JOURNAL ENTRY and OPINION
Defendant-appellant HenryPerkins appeals from his convictions after entering guilty pleas to the following offenses: aggravated murder with prior calculation and design, with mass murder and firearm specifications; attempted aggravated murder with prior calculation and design, with a firearm specification; and aggravated robbery, with a firearm specification.
Appellant challenges his convictions on the grounds that the three-judge panel failed at his plea hearing to comply with the requirements of either Crim.R. 11(C) or the supreme court's directive in State v. Green (1998), 81 Ohio St.3d 100. Since this court determines appellant's challenge is baseless, his convictions are affirmed.
The record reflects on September 29, 1998 appellant was indicted on three counts for an incident alleged to have occurred on September 17, 1998. Count one charged appellant with a death-penalty offense, viz., aggravated murder, R.C. 2903.01(A). It alleged appellant, with prior calculation and design, had caused the death of Charles J. Cade. Count one also contained the following: (1) a notice of prior conviction; (2) a repeat violent offender specification; (3) a mass murder specification; and (4) a firearm specification.
Count two of the indictment charged appellant with attempted aggravated murder, R.C. 2923.02/2903.01(A), i.e., he had with prior calculation and design attempted to cause the murder of his ex-wife, Pamela Perkins. Count three charged appellant with aggravated robbery, R.C. 2911.01, alleging he committed a theft offense upon Pamela Perkins using a firearm. Both of these latter counts also contained a notice of prior conviction, a repeat violent offender specification, and a firearm specification.
Appellant entered a plea of not guilty to the indictment and was assigned counsel to represent him. Following several pretrial hearings held in his case, appellant executed waivers of his right to a speedy trial and to a trial by jury.
On February 9, 1998 appellant's trial before a three-judge panel commenced. The state presented the testimony of several witnesses. The following day, after eleven of the state's witnesses had testified in his case,[1] appellant notified the trial court he wished to "accept [the] plea bargain proposed by [the] state prior to trial."[2]
The trial court held a hearing on appellant's request. Pursuant to State v. Green, supra, the prosecutor initially requested the three-judge panel both to "incorporate all the testimony" presented in the case and to admit into evidence several documents.[3] These documents included Cade's "autopsy protocol," the "BCI report" and ballistics tests performed on both the murder weapon and the bullets recovered from the victims, and Pamela Perkins' medical records. Appellant's defense counsel "stipulated to" these documents. The trial court granted the prosecutor's request.
The prosecutor then outlined the potential penalties involved, advising the three-judge panel that the following were parts of the plea agreement: (1) the state "would stipulate * * * the mitigating circumstances outweigh the aggravating circumstances (sic)"; (2) the state would dismiss both the notices of prior conviction and the repeat violent offender specifications contained in the indictment; and (3) the state would recommend a sentence on count one of "life imprisonment with no eligibility for parole" and three years on the firearm specification, to be served concurrently with the sentences imposed on the remaining counts.
The trial court then addressed appellant. The court determined appellant was not suffering from any incapacity, satisfied itself appellant was aware of the potential penalties to which he had agreed as part of the plea arrangement, and then repeated the language of each count of the amended indictment, defining the relevant terms as it proceeded. Appellant indicated he desired to enter pleas of guilty to each charge.
Thereafter, that same member of the three-judge panel stated as follows:
 JUDGE M * * *: Okay. Let the record reflect that the defendant has pled guilty to Counts 1, 2 and 3 as amended. And the Court will now incorporate as part of the record those exhibits proffered by the prosecutor and marked as Court's exhibits. The Court will also incorporate the testimony of the eyewitnesses and of the victim, Pamela Perkins, as well as all the other officers who have testified.
 The Court will now deliberate and reach its verdict with respect to the guilty pleas and then we'll proceed to sentencing.
 (Thereupon, a discussion was had off the record between the three-judge panel.)
 JUDGE M * * *: The Court has deliberated in this matter and, in accordance with the findings rendered by the Supreme Court in the case of the State of Ohio versus Green, cited at 81 Ohio State 3d 100, the Court, having heard the testimony of 12 witnesses, including the surviving victim and two disinterested eyewitnesses, many of said witness (sic) were vigorously and aggressively cross-examined by defense counsel, having considered all the testimony received, the exhibits admitted, entered into evidence, this Court has deliberated unanimously, accepts the guilty pleas finding that the defendant did commit the offenses as indicted in Counts 1, 2 and 3, but as amended deleting the repeat violent offender specification and the notice of prior conviction.
The trial court at that point outlined the sentence it determined to impose upon appellant but paused to permit the victims' representatives to speak. Subsequently, following a sidebar discussion between the trial court and counsel, the trial court stated:
 JUDGE M * * *: Okay, Back on the record. It's been brought to the Court's attention that following the outline of the plea and the proposed plea agreement and the various counts as amended, the Court neglected to advise the defendant of the various Constitutional rights which he will be waiving by entering this plea.
The trial court proceeded to correct this error. In doing so, it also reminded appellant of the "agreed sentence." Thereafter, the trial court accepted appellant's guilty plea with the finding "it was made knowingly, voluntarily and intelligently."
Appellant, defense counsel and the others present were invited to address the trial court. Subsequently, the trial court made a finding appellant was "guilty of Counts 1, 2 and 3 as amended," repeated the previously-admitted testimony and exhibits were "incorporate[d]" into its findings, accepted the parties' stipulation regarding the circumstances of the aggravated murder, and proceeded to sentence appellant.
Appellant received a sentence of terms of incarceration as follows: three years on the firearm specifications, to be served prior to and consecutively to a term of life without parole on count one, together with concurrent terms of ten years on counts two and three, to be served concurrently with the terms imposed on count one. Pursuant to R.C. 2929.03(D) and (F), the trial court issued a written opinion in addition to its journal entry of sentence.
This court granted appellant's motion to file a delayed appeal of his convictions. He presents two assignments of error for review; his first assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ACCEPTING A PLEA FROM THE APPELLANT WHEN THE APPELLANT WAS NOT FULLY INFORMED AS TO ALL THE CONSEQUENCES OF SAID PLEA AND IN FAILING TO ADEQUATELY INQUIRE WHETHER APPELLANT'S PLEA WAS ENTERED VOLUNTARILY, INTELLIGENTLY AND KNOWINGLY.
In a merely conclusory fashion, without citation to the record as required by App.R. 16(A)(7), appellant argues his convictions should be reversed for the trial court's failure to comply with the requirements of Crim.R. 11(C).[4] Appellant's argument is rejected.
The standard for the trial court's responsibility pursuant to Crim.R.1 rights" is "substantial compliance" with the rule's requirements. State v. Arnold (July 16, 1998), Cuyahoga App. No. 72813, unreported; State v. Nero (1990), 56 Ohio St.3d 106; State v. Stewart (1977), 51 Ohio St.2d 86. Moreover, even when a defendant is charged with aggravated murder and must be informed of the rights he is waiving by entering his plea, a "rote recitation" of the rule is not required; "[r]ather, the focus, upon review, is whether the record shows that the trial court explained * * * in a manner reasonably intelligible t11(C) to inform a defendant of his "nonconstitution plea. State v. Ballard (1981), 66 Ohio St.2d 473, 480.
A review of the transcript of the entire plea hearing held in this case reveals that although events did not occur in their usual order, the trial court carefully explained to appellant the maximum penalty involved, viz., a life term without the possibility of parole, the nature of the charges, the effect of his plea and, subsequently, each constitutional right he was waiving by entering his plea. The transcript further reflects appellant displayed neither confusion nor hesitation in entering his plea. In addition, in addressing appellant's argument with respect to this assignment of error, this court finds it worthy of note that according to the record, prior to appellant's decision to enter his plea he had the benefit of the state's presentation of nearly its entire case-in-chief.
Under these circumstances, the trial court was warranted in determining appellant's plea was made knowingly, voluntarily and intelligently. State v. Post (1987), 32 Ohio St.3d 380; State v. Ballard, supra; State v. Shakoor (Dec. 13, 1996), Trumbull App. No. 93-T-4917, unreported; State v. Carmon (Nov. 18, 1999), Cuyahoga App. No. 75377, unreported.
Appellant's first assignment of error, therefore, is overruled.
Appellant second assignment of error states:
 THE TRIAL COURT FAILED TO COMPLY WITH THE REQUIREMENTS OF STATE V. GREEN (1998), 81 OHIO ST.3d 100, 689 N.E.2d 556.
Appellant asserts the trial court did not meet the necessary procedural requirements prior to determining him guilty of the offense of aggravated murder. The record belies appellant's assertion.
At appellant's plea hearing, the trial court noted appellant stipulated to the evidence already presented, including the testimony of twelve witnesses and several documentary exhibits. The trial court further incorporated this evidence "as part of the record." This court presumes regularity in the face of only a partial appellate record. See, e.g., Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17 at 19; Tyrell v. Investment Assoc., Inc. (1984), 16 Ohio App.3d 49 at 50; In re Corcoran (1990), 68 Ohio App.3d 213
at 217; State v. Johnson (July 24, 1992), Lake App. No. 91-6-107, unreported, at 4.
The foregoing maxim holds weight in this case, especially in view of the trial court's journal entries. The journal entry of appellant's plea and sentence indicates it heard the full "testimony of 11 witnesses" and that the "witness[es] and evidence [were] accepted by [the] court."
The journal entry issued pursuant to R.C. 2929.03(D) and (F), moreover, reiterated the foregoing. That journal entry also stated explicitly the following: (1) "[t]he Court hereby [made] part of the record the Testimony of the ELEVEN (11) WITNESSES who * * * testified in this case"; (2) "[t]he Court also accept[ed] as evidence, and [made] part of the record, pursuant to stipulation by both parties, the * * * documents" submitted by the state; and (3) appellant was found guilty of the charges only after the trial court "listened to the testimony * * *, reviewed the stipulated documents, and * * * examined the Defendant, * * * deliberated[,] and considered all possible lesser-included offenses."
Since the record reflects the trial court fully complied with the necessary procedural requirements prior to accepting appellant's plea, finding appellant guilty of the offenses, and sentencing appellant, appellant's second assignment of error also is overruled. State v. Post, supra; State v. Shakoor, supra; cf., State v. Green, supra.
Appellant's convictions and sentences are affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________________________ KENNETH A. ROCCO, PRESIDING JUDGE
JAMES D. SWEENEY, J. and PATRICIA A. BLACKMON, J. CONCUR
[1] The documentary evidence presented by the state at appellant's trial has not been included in the record on appeal.
[2] Quotes are taken from the record on appeal.
[3] See footnote 1.
[4] This court previously has stated a defendant's failure to challenge his plea in the trial court constitutes a waiver of that issue on appeal. See, e.g., State v. Carmon (Nov. 18, 1999), Cuyahoga App. No. 75377, unreported. However, the supreme court has mentioned no such requirement. State v. Green (1998), 81 Ohio St.3d 100; State v. Nero (1990), 56 Ohio St.3d 106. This court, moreover, has not been consistent in this position. See, e.g., State v. Arnold (July 16, 1998), Cuyahoga App. No. 72813, unreported.