OPINION
On February 12, 1999, appellant, Daniel T. Tirabasso was cited for stealing four cartons of cigarettes for the Giant Eagle grocery store ("Giant Eagle") in Middlefield, Ohio. On May 27, 1999, a jury trial was held in the Chardon Municipal Court, during which appellant represented himself. The state's only witness who saw appellant take the cigarettes was the store's manager, Kevin Rillihan. Mr. Rillihan testified that he saw appellant pushing a shopping cart with a hand basket in it. He watched appellant go behind a chip display, take a white plastic Giant Eagle bag out of his pocket, and put the cigarettes into the bag. At this point, Mr. Rillihan used the store's intercom signal that notified employees to come to the front of the store and help detain a possible shoplifter. After appellant walked past a line of cash registers and started to exit the store, Mr. Rillihan asked him for a receipt. Appellant had no receipt. Mr. Rillihan then detained appellant for shoplifting and called the police.
Appellant's defense focused on his insistence that he was merely looking for his wife and was going outside to determine if she were by their car. Appellant's defense attempted to establish that store employees had acted improperly in detaining him. On cross-examination of appellant's wife, the prosecution was able to establish that she had been convicted for shoplifting cigarettes from the same Giant Eagle store under nearly identical circumstances. The prosecution was also able to establish that appellant had been convicted of theft offenses in the past. The jury found appellant guilty of theft, in violation of R.C.2913.02. On June 1, 1999, the trial court sentenced appellant to 180 days in jail.
In his sole assignment of error, appellant asserts that his conviction was against the manifest weight of the evidence because the state presented no evidence to prove that he intended to leave the Giant Eagle store without paying for the four cartons of cigarettes he had in his possession. Appellant is now represented by counsel appointed by this court.
Appellant submitted a videotape of his trial, but no transcription of the relevant portions of the videotape. According to App.R. 9(A): " * * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs. * * * " Appellant's failure to include in the record transcribed portions of all the testimony relevant to his claim that the trial court's decision is against the manifest weight of the evidence prevents this court from addressing the issue. In re Corcoran (1990), 68 Ohio App.3d 213,217, 587 N.E.2d 957.
Even had appellant submitted a transcript, his argument would fail on its merits. Once a person transports merchandise without payment beyond the checkout points, or in a manner designed to conceal the merchandise, he has exercised "control" over the merchandise and can be convicted of shoplifting under R.C. 2913.02 (A)(1). State v. Phillips (1993), 84 Ohio App.3d 836,840, 619 N.E.2d 29. Appellant's assignment of error lacks merit.
 _____________________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J., O'NEILL, J. concur.