OPINION
Defendant-appellant Barbara Conkle appeals from the November 30, 2000, Judgment Entry of the Delaware Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE[1]
On August 24, 2000, defendant-appellant Barbara Conkle was cited on three counts of Failure to Confine a Dangerous or Vicious Dog, in violation of R.C. 955.22(D)(1), misdemeanors of the fourth degree[2]. On August 31, 2000, appellant entered a plea of not guilty to the charges.
On September 29, 2000, appellant entered a plea of no contest to one count of failure to Confine a Vicious or Dangerous Dog. The State moved to dismiss the other two counts. The trial court granted the State's motion and found appellant guilty on the remaining count. The trial court sentenced appellant to 30 days in jail, which was suspended, ordered appellant to pay a fine of $250.00 plus costs, which was suspended, and placed appellant on probation for five years with the condition that appellant not own, possess or harbor any dog. The appellant was given one week to remove all dogs from her home.
On October 13, 2000, appellant was provided notice that she had violated the conditions of her probation, namely, "did fail to remove dogs from your residence." Notice of Probation Violation, filed October 13, 2000. Thereafter, appellant moved to withdraw her previous plea. Subsequently, the motion was granted by the trial court.
A jury trial was conducted on all three counts of Failure to Confine a Vicious or Dangerous Dog. The jury returned verdicts of guilty on all counts. Thereafter, on November 30, 2000, the trial court entered a finding of guilty and sentenced appellant.
It is from the November 30, 2000, Judgment Entry that appellant appeals, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED IN IMPROPERLY ANSWERING A QUESTION OF THE JURY.
 ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED IN NOT GRANTING APPELLANTS [SIC] MOTION FOR ACQUITTAL UNDER OHIO CRIMINAL PROCEDURE RULE 29.
 ASSIGNMENT OF ERROR III
 THE JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 ASSIGNMENT OF ERROR IV
 THE TRIAL COURT ERRED BY CHARGING THE JURY WITH UNNECESSARY AND LIMITING DEFINITIONS.
 ASSIGNMENT OF ERROR V
 THE TRIAL COURT ERRED IN HOLDING THE COMPETENCY HEARING OF A MINOR PROSECUTION WITNESS IN THE PRESENCE OF THE JURY.
 I
Appellant abandoned the first assignment of error at oral arguments.
 II III
In the second assignment of error, appellant contends that the trial court erred when it denied appellant's motion for acquittal, made pursuant to Crim. R. 29.[3] In the third assignment of error, appellant argues that the verdict is against the manifest weight of the evidence. However, this court cannot reach the merits of these assignments of error because we do not have an appropriate transcript of the proceedings.
The record on appeal consists of a videotape of the trial court proceedings. Appellate Rule 9 governs the record on appeal, and provides in pertinent part:
(A) Composition of the record on appeal
 . . . A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. . . . When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs.
The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See, State v.Skaggs, (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. In Re Corcoran
(1990), 68 Ohio App.3d 213, 217-218, 587 N.E.2d 957 (Failure to include in the record a typed or printed version of all testimony from a videotaped trial relevant to a manifest weight of the evidence claim prevents appellate court from addressing the issue); see also State v.Feazel (July 17, 2000), Delaware App. No. 00CA01001, unreported (citingState v. Ashbaugh (Dec. 20, 1991), Delaware App. No. CA-91-15, unreported). Appellant has failed, contrary to the mandates of App. R. 9(A) and 9(B), to provide us with a properly certified, typed or printed transcription of relevant videotaped testimony presented in the proceedings below.[4] Appellate review of a denied motion for acquittal and whether the verdict is against manifest weight of the evidence necessitate consideration of the evidence adduced at trial. See, Ruta v.Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 430 N.E.2d 935; Feazel,supra; McRoberts v. Value City, Inc. (Sept. 23, 1987), Hamilton App. No. C-860855, unreported. In the absence of a transcription of the relevant portions of the proceedings below necessary to our examination of the evidence presented at trial, we are compelled to presume the validity of the lower court's determination. Knapp v. Edwards Laboratories (1980)61 Ohio St.2d 197; State v. Feazel, supra. We, therefore, overrule the appellants' second and third assignments of error.
 IV
In the fourth assignment of error, appellant claims that the trial court erred when it charged the jury with unnecessary and limiting definitions of words in the jury instructions. Appellant contends that the definitions of words which were elements of the offenses in question, narrowed the common everyday meaning of the words and that this narrowing of the elements shifted the burden and impaired appellant's due process rights. We disagree.
As stated previously, appellant was charged with three counts of Failure to Confine a Dangerous or Vicious Dog, in violation of R.C.955.22(D)(1). Revised Code 955.22(D)(1) provides:
 Except when a dangerous or vicious dog is lawfully engaged in hunting or training for the purpose of hunting and is accompanied by the owner, keeper, harborer, or handler of the dog, no owner, keeper, or harborer of a dangerous or vicious dog shall fail to, . . . [w]hile that dog is on the premises of the owner, keeper, or harborer, securely confine it at all times in a locked pen that has a top, locked fenced yard, or other locked enclosure that has a top, except that a dangerous dog may, in the alternative, be tied with a leash or tether so that the dog is adequately restrained.
The trial court provided the following, challenged definitions in the written instructions to the jury:
 "Locked" generally means to fasten or shut secure with a lock, as against entry; to shut or secure as if by locking; to safeguard or confine by or if by means of a lock.
 "Fail" [t]o fail generally means to prove deficient or lacking; performing ineffectively or inadequately. To be unsuccessful.
 "Confine" generally means to keep within bounds; restrict; to shut within an enclosure; to restrict in movement.
 "Restrain" generally means to restrain means to [sic] control; check; to limit or restrict.
Written Jury Instructions (Emphasis original).
 However, appellant has failed to demonstrate that the issue was properly preserved for appeal.
Appellant has the burden of establishing that the alleged assignment of error was presented at trial by way of an objection. See Swisher v.Scherpenisse (Jan. 10, 2000), Stark App. No. 1999CA00025, unreported. However, in the case sub judice, appellant has failed to provide this court with a transcript of the pertinent portion of the record, demonstrating that a proper objection was made to the trial court before the jury retired for deliberations. Therefore, this court must review this assignment of error under a plain error analysis.
An appellant's failure to object to jury instructions constitutes a waiver of any claim of error unless the absence of such instruction rises to the level of plain error. State v. Underwood (1983), 3 Ohio St.3d 12, syllabus; see, also, Crim. R. 30. The standard of review for plain error is as follows:
 To rise to the level of plain error, it must appear on the face of the record not only that the error was committed, but that except for the error, the result of the trial clearly would have been otherwise and that not to consider the error would result in a clear miscarriage of justice.
 State v. Bock, 16 Ohio App.3d 146,150 (citing State v. Underwood (1983), 3 Ohio St.3d 12; State v. Cooperrider
(1983), 4 Ohio St.3d 226).
The plain error rule should only be invoked with the utmost caution and under exceptional circumstances. State v. Long (1978), 53 Ohio St.2d 91.
We cannot find that the instruction was plain error, especially in light of the limited record before this court. The definitions are within the common understanding of the words in question. In light of the lack of a transcript of the evidence presented, we cannot say that but for these instructions, the outcome of the trial would have been different.
Appellant's fourth assignment of error is overruled.
 V
In the fifth and final assignment of error, appellant argues that the trial court erred when it conducted a competency hearing of the minor victim in the presence of the jury. Appellant has provided this court with a partial transcript of the proceedings, which indicates that the competency hearing was conducted before the jury over appellant's objection. Appellant has not provided this court with a typed or printed version of the competency hearing itself.
A child under the age of ten years of age is competent to testify if it appears the child is capable of "receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." Evid. R. 601. The trial court has a duty to conduct a voir dire
of a child under ten years of age to determine if the child is competent to testify. State v. Frazier (1991), 61 Ohio St.3d 247, 250-251.
This court has previously reasoned that while the better practice would be to conduct the competency hearing outside the presence of the jury, the mechanism and procedure by which the trial court determines competency is left to the sound discretion of the trial court. State v.Harris (March 31, 1988), Knox App. No. 87-CA-10, unreported (citing Evid. R. 104(A) (C)).[5]
Appellant has failed to provide this court with a transcript of the competency hearing itself. Further, we cannot determine from the record, due to the lack of a more complete transcript, whether the child actually testified.[6] In fact, neither the appellant's nor appellee's Merit Briefs indicate whether the child testified at trial. Therefore, we cannot say that the trial court abused its discretion.
Further, appellant has failed to show prejudice. The record does not reflect the questions asked by the trial court to determine competency nor whether or to what the child testified as a witness at trial. Therefore, this court cannot review the role the hearing or the child's testimony played in the trial and appellant's conviction. With such an insufficient record, this court must presume the regularity of the proceedings in the trial court. See Knapp v. Edwards Laboratories (1980)61 Ohio St.2d 197.
Appellant's fifth assignment of error is overruled.
The judgment of the Delaware County Municipal Court is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware County Municipal Court is affirmed. Costs to appellant.
Edwards, J., Wise, J. and Boggins, J. concurs.
[1] Appellant has failed to provide typed or printed portions of the videotape recording of the proceedings at trial sufficient to demonstrate the facts adduced at trial. See App. R. 9(A), supra. Therefore, the facts presented are those we have gleaned from the record before us. However, we note that there seems to be no dispute that appellant owned dogs which attacked and injured a minor child. The issue was whether the dogs were properly confined.
[2] "Except when a dangerous or vicious dog is lawfully engaged in hunting or training for the purpose of hunting and is accompanied by the owner, keeper, harborer, or handler of the dog, no owner, keeper, or harborer of a dangerous or vicious dog shall fail to, . .[w]hile that dog is on the premises of the owner, keeper, or harborer, securely confine it at all times in a locked pen that has a top, locked fenced yard, or other locked enclosure that has a top, except that a dangerous dog may, in the alternative, be tied with a leash or tether so that the dog is adequately restrained." R.C. 955(D)(1).
[3] "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case." Crim. R. 29(A).
[4] Appellant provided a transcription of a small portion of the proceedings concerning a competency hearing. See Assignment of Error V. However, the transcribed portion presented is insufficient to demonstrate the errors raised in Assignments of Error II and III.
[5] (A) Questions of admissibility generally
 Preliminary questions concerning the qualification of a person to be a witness, . . . shall be determined by the court. . . .
(C) Hearing of jury
 Hearings on the admissibility of confessions shall in all cases be conducted out of the hearing of the jury. Hearings on other preliminary matters shall also be conducted out of the hearing of the jury when the interests of justice require.
Evid. R. 104, in pertinent part.
[6] As discussed previously, appellant has failed to provide a transcript of the relevant portions of the videotape of the proceedings in the trial court, contra App. R. 9(A).