OPINION
{¶ 1} The following is an accelerated calendar appeal, submitted on the briefs of the parties. Appellant, Beverly Cross, appeals from a judgment entry of the Trumbull County Court of Common Pleas, Juvenile Division, which legally changed her biological daughter's surname. For the reasons that follow, we affirm.
 {¶ 2} On August 19, 1999, appellant filed a paternity complaint in the Trumbull County Court of Common Pleas, Juvenile Division. The complaint asked the court to find a father-child relationship between appellant's biological daughter, Savanna E. Cross ("Savanna"), born August 25, 1998, and appellee, John P. Greaver. On January 3, 2000, the juvenile court adopted a magistrate's decision finding appellee to be Savanna's biological father.
 {¶ 3} On April 23, 2002, appellee filed a motion requesting that Savanna's surname be legally changed to either Savanna E. Greaver, Savanna E. Cross-Greaver, or Savanna E. Greaver-Cross. Following a hearing on this matter, the magistrate issued a decision changing Savanna's name to "Savanna E. Cross-Greaver." The magistrate specifically determined, "[b]ased on the best interests of [the] child and taking into consideration all relevant factors as set forth in Bobo v. Jewell 528 N.E.2d. 180, it is found that [the] surname of the child shall be combined." On April 10, 2003, the juvenile court adopted the magistrate's decision and ordered a new birth certificate be issued, reflecting the child's name as "Savanna E. Cross-Greaver."
 {¶ 4} Appellant filed timely objections to the court's entry which ordered the name change. The objections argued that the conclusions of the magistrate were not supported by the evidence presented. However, appellant failed to provide the juvenile court with a transcript of the magistrate's hearing. Appellee countered by filing a memorandum in opposition to appellant's objections.
 {¶ 5} On May 11, 2003, the court issued a judgment entry which overruled appellant's objections. Accordingly, the court concluded that the previous order changing the child's name was to remain effective.
 {¶ 6} From this judgment, appellant filed a timely notice of appeal and sets forth the following assignment of error:
 {¶ 7} "The judgment of the trial court is not sustained by sufficient evidence is manifestly against the weight of the evidence and is contrary to law and not in the best interest of the minor child."
 {¶ 8} Under her sole assignment of error, appellant argues that appellee failed to present sufficient evidence to support a conclusion that a name change is in the best interest of the child. Thus, appellant concludes that the court erred in adopting the magistrate's decision and overruling her objections.
 {¶ 9} We first note that appellant's failure to provide the juvenile court with a transcript of the magistrate hearing precludes her from raising factual objections on appeal. Pursuant to Juv.R. 40(E)(3)(b):
 {¶ 10} "* * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 11} The duty to provide a transcript or affidavit of the proceedings to the juvenile court rests with the party objecting to the magistrate's decision. In re O'Neal (Nov. 24, 2000), 11th Dist. No. 99-A-0022, 2000 Ohio App. LEXIS 5460, at 7. "This court has held on numerous occasions that the objecting party's failure to provide the juvenile court with a proper record per Juv.R. 40(E)(3)(b) constitutes waiver of the alleged error on appeal." Id., citing In re Stone (Sept. 15, 2000), 11th Dist. No. 99-L-109, 2000 Ohio App. LEXIS 4209; In re Pollis (May 8, 1998), 11th Dist. No. 97-T-0066, 1998 Ohio App. LEXIS 2122. See, also, Civ.R. 53(E).
 {¶ 12} In the instant case, appellant failed to provide the juvenile court with either a transcript or affidavit of the evidence in support of her objections to the magistrate's decision. Despite appellant's failure to comply with Juv.R. 40(E)(3)(b), on appeal, appellant attempts to attack the factual findings of the magistrate. However, based upon her failure to supply the juvenile court with a transcript or affidavit of the evidence, appellant has waived any alleged error to these factual determinations.
 {¶ 13} Even if appellant had complied with the provisions of Juv.R. 40(E)(3)(b), she has failed to provided this court with an adequate record of the transcript. In relevant part, App.R. 9(B) provides:
 {¶ 14} "* * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion."
 {¶ 15} The original proceedings before the magistrate were transcribed by video recording. Appellant has provided this court with a copy of the videotaped proceeding. For purposes of filing, the videotape was sufficient; however, according to App.R. 9(A):
 {¶ 16} "* * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."
 {¶ 17} Appellant has failed to include in the record any transcribed portions of the testimony relevant to her claim that the juvenile court's decision is against the manifest weight or sufficiency of the evidence. Thus, for this additional reason, we are prevented from addressing these evidentiary issues and must presume the regularity of the proceedings below. In re Corcoran
(1990), 68 Ohio App.3d 213, 217-218, citing Ostrander v.Parker-Fallis Insulation Co. (1972), 29 Ohio St.2d 72; In reBashlor (Oct. 11, 1988), 11th Dist. No. 1385, 1988 WL 105586.
 {¶ 18} Nevertheless, even assuming appellant had complied with App.R. 9(A), her failure to provide the juvenile court with a transcript or affidavit results in a procedural error which precludes her from demonstrating any error on appeal. Thus, this irregularity, standing alone, renders appellant's assignment of error without merit.
 {¶ 19} Furthermore, we are inclined to note that the magistrate's decision did not include any error of law. See, e.g., Juv.R. 40(E)(3)(B). The magistrate properly considered the relevant factors delineated by the Ohio Supreme Court in Bobo v.Jewell (1988), 38 Ohio St.3d 330, and determined that it was in Savanna's best interests to change her surname. See, also, In reWillhite, 85 Ohio St.3d 28, 1999-Ohio-201, (holding that the factors provided in Bobo are sufficient to determine whether changing the surname of a minor child is in that child's best interests).
 {¶ 20} Based upon the foregoing analysis, appellant has waived her assigned error on appeal, and the magistrate's decision, which was adopted by the juvenile court, contains no error of law. Thus, appellant's sole assignment of error is without merit. We hereby affirm the judgment of the juvenile court.
Ford, P.J., Rice, J., concur.