36 So.2d 470

## Ex parte BAINS.
### 6 Div. 725.

Supreme Court of Alabama.
June 30, 1948.

Beddow & Jones and Robt. W. Gwin, all of Birmingham, for petitioner.

**LIVINGSTON, Justice.**

Eva Neal Bains, hereinafter referred to as the petitioner, was divorced from George W. Bains by a decree of the Circuit Court, in Equity, (Bessemer Div.) of Jefferson County, dated March 30, 1945. By the decree, petitioner was granted the custody and control of Charles Porter Bains and Martha Constance Bains, the two minor children of the parties, together with alimony for petitioner and support for said minors. On July 6, 1946, George W. Bains filed a supplemental petition in the same cause seeking a modification of the decree of March 30, 1945, in respect to the payments of alimony for petitioner and support for said minors, and asked for a reduction thereof. Petitioner answered, and asked that said payments be increased, not reduced. While the foregoing petition was pending, and on May 7, 1947, George W. Bains filed another supplemental petition in the same cause seeking a modification of the decree of March 30, 1945, in respect to the custody and control of said minors. On March 21, 1948, the Hon. Gardner F. Good-wyn, judge of said court, entered the following order: "The issue or question of custody of the children as set forth in the foregoing bill or petition is referred to the Juvenile and Domestic Relations Court of Jefferson County, Alabama, with authority to determine such issue or question of custody of said children."

Petitioner filed her petition in this Court seeking a writ of mandamus, directed to the said Hon. Gardner F. Goodwyn, as Judge of the Circuit Court, in Equity (Bessemer Div.) of Jefferson County, commanding him to vacate and expunge the foregoing order, and a writ of prohibition directed to the Hon. Talbert Ellis, as Judge of the Juvenile and Domestic Relations Court of Jefferson County, prohibiting him from proceeding to exercise any jurisdiction in the matter of the custody and control of said minors.

In answer to the rule nisi, Judge Goodwyn relies upon the following statutory authority for his order of transfer to the Juvenile and Domestic Relations Court of Jefferson County: section 351, Title 13, Code of 1940, provides, in part: "Nothing contained herein shall deprive courts of general jurisdiction of the right to determine the custody of children upon writs of habeas corpus, or the right to determine the custody of children when custody is incidental to the determination of causes pending in such courts. Such courts of general jurisdiction may, however, decline to pass upon such questions of custody or to issue such writs and may certify said questions or writs to the juvenile court for hearing and determination."

Section 291, Title 62, Code of 1940, contains, among others, the following provision: "The juvenile and domestic relations court shall have and exercise original and exclusive jurisdiction, except as otherwise provided herein, in the county, of all actions, proceedings, or causes, of whatever kind or character arising under the terms of or for the violation of any, or all laws now in force in said county, or arising under the terms of, or for the violation of any ordinance of any incorporated city or town in said county, or any law or ordinance which may hereafter be enacted, providing for the trial or disposition of, or involving: (1) the disposition, custody, control, or

protection of delinquent, dependent, or neglected children; * * * (11) said juvenile and domestic relations court shall have and exercise in such county all the jurisdiction, functions and powers conferred upon juvenile and domestic relations courts in such county under any law relating to dependent, neglected and delinquent children; and all provisions of said laws applying to, and all authority therein conferred upon, juvenile and domestic relations courts shall likewise apply to said juvenile and domestic relations court, except as is herein otherwise provided. The judge of such juvenile and domestic relations court shall have and exercise all the power and authority conferred upon juvenile and domestic relations courts, in this code; (12) such juvenile and domestic relations court shall have jurisdiction to try and determine under the terms of this subdivision causes begun or initiated in other courts, including police and recorders courts, and which causes are by law authorized to be transferred by such other courts to said juvenile and domestic relations court for trial, and which causes are so transferred."

█ The authority of the Circuit Court to transfer custody of children cases to the Juvenile and Domestic Relations Court does not exist in the absence of a statute.

The authority to transfer custody of children cases contained in section 351, supra, is a Code provision, applicable to Juvenile Courts of the State in general. The Act creating the Juvenile and Domestic Relations Court of Jefferson County was originally a general act with local application.

Whether the Circuit Court of Jefferson County has the authority to transfer custody of children cases to the Juvenile and Domestic Relations Court depends upon a proper construction of section 291, supra. It is therefore necessary to review the legislative history of this section.

The Legislature of 1919, by General Act, with local application (General Acts 1919, page 128) created a *Juvenile* Court in and for Jefferson County. The Act provided that "said courts, as to said dependent, neglected and delinquent children, shall have and exercise the jurisdiction and power possessed by chancery courts in this State, but shall not have power to affect any property rights of such child or children; and provided that nothing contained herein shall deprive courts of general jurisdiction in such counties of the right to determine the custody of children upon writs of habeas corpus; and provided that such courts shall not be deprived of the right to determine the custody of children where such custody is incidental to the determination of a cause pending in such courts; *but such courts may decline to pass upon such questions or to issue such writs and certify same to the juvenile court of said county for hearing and determination."* See, section 5 of the 1919 Act, supra.

The Legislature of 1927, by General Act, with local application, created and established a, *Juvenile and Domestic Relations Court* in and for Jefferson County. General Acts 1927, page 238. In section 2 of said Act, it is provided: "11—Such Juvenile and Domestic Relations Courts shall have and exercise in such counties, all the jurisdiction, functions and powers conferred upon Juvenile Courts in such counties under the terms of an Act—'Relating to dependent, neglected and delinquent children, etc.'—approved February 19th, 1919, General Acts 1919, pages 128 et seq. As amended Acts. Special Session 1920, page 23, *and all provisions of said Act applying to* and all authority therein conferred upon, Juvenile Courts shall likewise apply to and is hereby conferred upon said Juvenile and Domestic Relations Courts, except as is herein otherwise provided. And the Judge of such Juvenile and Domestic Relations Courts. shall have and exercise all the power and authority of the Judge of such Juvenile Courts, as provided for in said Act. 12— Such Juvenile and Domestic Relations Courts shall have jurisdiction to try and determine under the terms of this Act causes begun or initiated in other Courts, including Police or Recorders Courts, and which causes are by law authorized to be transferred by such other courts to said Juvenile and Domestic Relation Courts for trial, and which causes are so transferred." (Italics ours.) This Act was approved and went into effect August 2, 1927.

By the above quoted provision, the Act of August 2, 1927, adopted the transfer provision of the 1919 Act, supra.

The Legislature of 1927 passed another general act with local application, relating to dependent, neglected or delinquent children, and applicable to Jefferson County, and which was approved and became effective September 6, 1927. This later Act does not contain the provision quoted from the Act of August 2, 1927 (see, General Acts 1927, page 727). It did not repeal the 1927 Act of August 2d, except insofar as the same conflicted with the Act of September 6th. The provision of the August 2d Act authorizing the circuit court to transfer custody of children cases to the Juvenile and Domestic Relations Court was not in conflict, and therefore not repealed.

The Legislature of 1935, by General Act, with local application, created and established a Juvenile and Domestic Relations Court in and for Jefferson County. General Acts 1935, page 1012. In section 2 of said Act, it is provided: "11—Such Juvenile and Domestic Relations Courts shall have and exercise in such counties all the jurisdiction, functions and powers conferred upon Juvenile and Domestic Relations Courts in such counties under the terms of an Act—'Relating to dependent, neglected and delinquent children, etc.'—approved September 6th, 1927, General Acts 1927, page 727, et seq. as amended by Acts Regular Session 1931, page 542, and all provisions of said Act applying to, and all authority therein conferred upon, Juvenile and Domestic Relations Courts shall likewise apply to and is hereby conferred upon said Juvenile and Domestic Relations Courts, except as is herein otherwise provided. And the Judge of such Juvenile and Domestic Relations Courts shall have and exercise all the power and authority of such Juvenile and Domestic Relations Courts, as provided for in said Act; 12—Such Juvenile and Domestic Relations Courts shall have jurisdiction to try and determine under the terms of this Act causes begun or initiated in other courts, including Police and Recorders Courts, and which causes are by law authorized to be transferred by such other courts to said Juvenile and Domestic Relations Courts for trial, and

which causes are so transferred; 13—The prosecution and punishment of persons charged with any offense under Chapter One Hundred Fifty Seven (157) of the Code of Alabama of 1923; 14—Such Juvenile and Domestic Relations Courts shall have and exercise in such counties all the jurisdiction, functions and powers conferred upon Juvenile Courts under the terms of Chapter One Hundred of the Code of Alabama of 1923, and said Juvenile and Domestic Relations Courts are hereby given jurisdiction of all matters or causes in or contained in said Chapter."

The Act of 1935, supra, expressly repealed all laws and parts of laws, local, general or special in conflict with its provisions.

It is to be noted that in the above quoted provisions of the 1935 Act, the 1927 Act of September 6th, is specifically referred to, and the 1927 Act of August 2d is not mentioned. It must have been the intention of the Legislature not to carry into the Act of 1935 the provision of the 1927 Act of August 2d, authorizing courts of general jurisdiction to transfer to the Juvenile and Domestic Relations Court custody of children cases. This provision being in conflict with the 1935 Act was therefore repealed.

■ It appears that parts of the Act of 1927, (General Acts 1927, page 727), and parts of the Act of 1935 (General Acts 1935, page 1012), were carried into the Code of 1940. We have held, in effect, that these Acts were "frozen" as local acts by the adoption of the Code of 1940. See, In re Opinions of the Justices, 244 Ala. 384, 13 So.2d 762; Miller v. State, 249 Ala. 14, 29 So.2d 411, 172 A.L.R. 1356.

■ An analysis of the above quoted provisions of section 291, Title 62, Code, demonstrates that the authority of the Circuit Court of Jefferson County to transfer custody of children cases to the Juvenile and Domestic Relations Court of Jefferson County does not exist.

The only authority relating to dependent, neglected and delinquent children, which confers upon the Juvenile and Domestic Relations Court of Jefferson County any jurisdiction, functions and powers, as provided in subdivision 11 of section 291, supra,

must be found by reference to the Act of 1927 (General Acts 1927, page 727), and the Act of 1935 (General Acts 1935, page 1012). These two Acts insofar as they did not conflict expressed the law that was carried into the Code of 1940. Where these acts conflicted, if they did conflict, the Act of 1935 prevailed. These laws, and no other, applied to Jefferson County. And there is no authority found in these acts permitting the circuit court to transfer custody of children cases to the Juvenile and Domestic Relations Court.

Let the writs of mandamus and prohibition issue.

Writs awarded .

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.

BROWN, LAWSON and SIMPSON, JJ., dissent.