**STATE, ex rel. PEAKS, Plaintiff-Appellant, v. ALLAMAN, Supt. of Montgomery County Juvenile Detention Home, Defendant-Appellee.**

Ohio Appeals, Second District. Montgomery County.

No. 2185.    Decided February 8, 1952.

Arthur T. Eaton, Dayton, for plaintiff-appellant.
Mathias H. Heck, Pros. Atty., Walter A Porter, Asst. Pros Atty., Dayton, for defendant-appellee.

## OPINION

By MILLER, J.

This is a law appeal from the judgment of the Common Pleas Court denying the plaintiff a writ of habeas corpus. The petition sought the release of one Moses Peaks, a minor seventeen years of age, from the Montgomery County Detention Home wherein he was being detained as the result of the filing of a delinquency affidavit under §1639-23, et seq., GC. The appellant is not attacking the legality of the proceedings under which the custody of the plaintiff was assumed but is urging that his constitutional rights are being invaded because of the Court's refusal to admit him to bail pending the date of the hearing. Sec. 1639-27 GC, provides that a child whose custody has been assumed by the Court may be released under certain conditions pending the final disposition of the case, but this is not mandatory for it further provides that when the child is not released as provided for in the act it shall be detained in such place of detention as shall be designated by the Court. Since the release is not mandatory it is urged that the statute is in contravention of **Article I, Section 9, of the Constitution of Ohio,** and also of the Fourteenth Amendment to the Federal Constitution. **Article I, Section 9, of the Ohio Constitution** provides:

"Bailable offenses; of bail, fine and punishment. All persons shall be bailable, by sufficient sureties except for capital offenses where the proof is evident or the presumption great. Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishment inflicted."

It will be noted that the provisions of the Constitution, supra, have application only to "bailable offenses." In its legal signification an "offense" is the transgression of a law. It appears to us to be well defined in the case of **In re Brady, 116 Oh St 512,** the Court saying at page 517:

"It is therefore to be noted that the Legislature used the word 'offense' as covering both felonies and misdemeanors, and such is its undoubted generic meaning.

"'An offense is an act or omission forbidden by positive law, and to which is annxed, on conviction, any punishment prescribed in this Code.' Hardin v. State, 39 Tex. Cr. R., 426, 36 S. W., 803.

"'The terms "crime," "offense," and "criminal offense" are all synonymous, and ordinarily used interchangeably, and include any breach of law established for the protection of the

public, as distinguished from an infringement of mere private rights, for which a penalty is imposed or punishment inflicted in any judicial proceeding.' State v. West, 42 Minn., 147, 43 N. W., 845.

" 'Offense' is defined by Bouvier to mean 'the doing of that which a penal law forbids to be done, or omitting to do what it commands.' It has been held that the terms 'offense' and 'crime' are synonymous. People ex rel, Kopp v. French et al., Police Com'rs., 102 N. Y., 583, 7 N. E., 913. Abbott's Law Dictionary says:

" 'An offense is a breach of the laws established for the protection of the public, as distinguished from an infringement of mere private rights; a punishable violation of law: a crime; also, sometimes, a crime of lesser grade; a misdemeanor.'

"In Moore, Ex'r., v. People of Illinois, 14 How., (55 U. S.), 13, 14 L. Ed., 306, the court said:

" 'An offense, in its legal signification, means the transgression of a law.'

"See Cruthers v. State, 161 Ind., 139, 147, 67 N. E., 930, 932.

"Century dictionary defines 'offense' as 'a crime or misdemeanor.' "

See also C. J. S. 51.

It will be noted also that the act itself provides that its violation does not constitute an offense, §1639-30 GC providing that upon conviction the child shall not be deemed a criminal by reason of such adjudication.

In the case of **State v. Schlatterbeck, 39 Oh St 268,** it was held that *a child committed to a house of correction for incorrigible conduct was not committed for an offense against a law of the State.* This same principle has been announced in many of the foreign jurisdictions. See annotations in 160 A. L. R. 288. This question has also arisen in our Federal Court in the case of Ex parte Januszewski, 196 Fed. 123. The purpose and nature of the Ohio Juvenile Court Act is well expressed, wherein the Court said at page 126:

"Under the statute" (referring to the juvenile court act) "which applies to all delinquents of the prescribed age, incorrigibility is but one of many forms of delinquency . . . The purpose of the statute is to save minors under the age of 17 years from prosecution and conviction on charges of misdemeanors and crimes, and to relieve them from the consequent stigma attaching thereto; to guard and protect them against themselves and evil-minded persons surrounding them; to protect them and train them physically, mentally and morally. It seeks to benefit not only the child, but the com-

munity also, by surrounding the child with better and more elevating influences and training it in all that counts for good citizenship and usefulness as a member of society . . . The welfare of society requires and justifies such enactments. The statute is neither criminal nor penal in its nature, but an administrative police regulation."

As a result of this reasoning the Court held the Juvenile Court Act to be constitutional as a valid exercise of police power and not repugnant to the Fourteenth Amendment to the Federal Constitution.

It is our conclusion that the appellant is being lawfully detained and since he is not charged with an "offense" he is not entitled to release on bail under the provisions of **Article I, Section 9, of the Ohio Constitution.**

Finding no error in the record the judgment will be affirmed.

HORNBECK, PJ, WISEMAN, J, concur.