120 So.2d 572

Ina Gene **TOWNE**

v.

Talbot **ELLIS, Judge.**

6 Div. 758.

Court of Appeals of Alabama.

May 10, 1960.

Norman E. Moon, Birmingham, for appellant.

Harry E. Pickens, Deputy Circuit Sol., Birmingham, for appellee.

CATES, Judge.

Mrs. Towne's son, whose custody was the subject of habeas corpus proceedings in the Jefferson Circuit Court, had been taken into custody by the Birmingham police on December 13, 1959, at the same time his mother was arrested. The Birmingham police turned him over to the Juvenile and Domestic Relations Court of Jefferson County.

Mrs. Towne has appealed from the judgment of the circuit court denying her petition for custody of her minor son pendente lite a hearing (on the merits of the boy's custody in view of the mother's averred unfitness to have him) before the appellee, Hon. Talbot Ellis, Judge of the Juvenile and Domestic Relations Court of Jefferson County. Judge Ellis' return on the habeas corpus stated the child was being held in custody without bail awaiting adjudication of his custody under Code 1940, T. 62, § 314. Attached to the return was an order declaring the child a ward of the court and committing him to the Court's Parental Home.

■ Habeas corpus, not supplanting appeal, can only apply where the judgment of the inferior jurisdiction is void on its face. Ex parte Adams, 170 Ala. 105, 54 So. 501. This view must be limited in child custody [1] cases to operate only so long as there is no evidence presented to show a change of circumstances since the date of the initial judgment relied on. In the record before us, there is no evidence which refutes the prima facie validity of the order in the Juvenile and Domestic Relations Court.

Bail, if any, would not come under Code 1940, T. 15, § 25, but under § 314, supra. See Annotation 160 A.L.R. 287.

Judge Ellis's refusal to admit to bail is not governed by the Constitution, § 16, which reads:

"That all persons shall, before *conviction*, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required." (Italics added.)

■ Under the Jefferson County Juvenile Court statute, this child is held not because of any act which he might have committed but because he was, on the preliminary hearing, found to have been dependent on and neglected by his mother. This kind of detention as a ward of the court is not the durance vile for which § 16 of the Constitution requires enlargement on bail. A nearly analogous case, except that the minor faced a delinquency charge, was held not controlled by the Ohio Constitution, art. 1, § 9, as to bail. State ex rel. Peaks v. Allaman, Ohio App., 115 N.E.2d 849. The California District Court of Appeals held that a judgment of a juvenile court was not one of conviction and, since the Constitution [2] directed bail only for charges which could lead to conviction, no bail was mandatory in a juvenile court proceeding. In re Magnuson, 110 Cal.App.2d 73, 242 P.2d 362.

Affirmed.

---

1. We do not consider this proceeding as a collateral attack on the order of the Juvenile and Domestic Relations Court, because the issues were confined in the circuit court to the validity of the order of the juvenile court. The child's being in *custodia legis* distinguishes this case from an ordinary private custody habeas corpus proceeding in an equity court. Code 1940, T. 62, § 291, confers original and exclusive jurisdiction upon the Juvenile and Domestic Relations Court of Jefferson County for deciding the custody of delinquent, dependent or neglected children. A former statute reserving in courts of general jurisdiction the determination of custody upon writs of habeas corpus was repealed in 1935 and was not revived by the 1940 Code. Ex parte Bains, 251 Ala. 46, 36 So.2d 470.

2. West's Ann.Cal.Const. art. 1, § 6.