**In re K.G., A Juvenile.**

Court of Common Pleas of Ohio,
Juvenile Division, Cuyahoga County.

No. 9711267.

Decided Oct. 23, 1997.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Julianne Weintraub*, Assistant Prosecuting Attorney, for the state.

*James Draper*, Cuyahoga County Public Defender, and *Christopher Scott Maher*, Assistant Public Defender, for the juvenile.

PETER M. SIKORA, Judge.

This matter came before this court on October 23, 1997 upon the motion of the juvenile herein, K.G., for an order setting bond pending subsequent hearings regarding the state of Ohio's request for this court to waive jurisdiction over the child and transfer the matter to the general division of the court of common pleas for prosecution as an adult.

Prior to sustaining or denying the state's transfer request, this court is required to conduct a preliminary hearing to determine if probable cause exists to

believe that the child committed the act alleged, and that such act would constitute a felony if committed by an adult. If a finding of probable cause is made, a second hearing must be held to determine whether the juvenile is amenable to the specialized rehabilitative services of the juvenile court, and whether the safety of the community may require that he be placed under legal restraint for a period extending beyond his majority. After the amenability hearing this court may either retain or waive jurisdiction.

The state's transfer motion is pursuant to R.C. 2151.26(C) and Juv.R. 30(C). The transfer request is discretionary in nature, and, therefore, this court is permitted, but not required, to waive jurisdiction over K.G.

The juvenile is charged with delinquency by reason of felonious assault, a felony of the second degree if committed by an adult, pursuant to R.C. 2903.11(A)(2), and is further charged with possessing criminal tools, a felony of the fifth degree, pursuant to R.C. 2923.24(A).

## BACKGROUND

On September 11, 1997 a preliminary hearing was conducted before another juvenile court judge, and a denial was entered on behalf of the juvenile. The child was remanded to the detention center where he has resided since September 9, 1997. At the request of the state, the case was subsequently reassigned to this judge in order to consolidate it with the cases of two additional juveniles (already docketed to this judge) with identical pending charges, allegedly arising from the same incident.

A pretrial conference was conducted on September 26, 1997, and the matter was at that time set for a preliminary hearing to be conducted today.

Pending before the court today are several pretrial motions filed on behalf of the juvenile. Some issues were resolved, but the court requested supplemental briefing from the state and the defense regarding specific issues relative to discovery. A briefing schedule was ordered, and prior to rescheduling the preliminary hearing, the court entertained arguments from counsel regarding the child's request for an order setting bond.

The court sustains the child's request for bail and hereby sets cash or surety bond in the amount of $5,000 with the following conditions: If bond is posted, the juvenile shall be placed on an electronic monitoring device, and shall comply with the terms of home detention set forth by the detention center, subject to forfeiture of the bond. Further, a restraining order is issued regarding contact with the alleged victim and certain witnesses.

The preliminary hearing is continued to December 1, 1997.

LAW

The issue presented before this court is whether a juvenile court may grant bail to a child pursuant to Section 9, Article I of the Ohio Constitution in an action where a request for waiver of jurisdiction has been made, pursuant to R.C. 2151.26 and Juv. R. 30, seeking transfer of the matter to the general division of the court of common pleas for prosecution as an adult.

Adopted in 1851, Section 9, Article I of the Ohio Constitution reads:

"All persons shall be bailable by sufficient sureties, except for capital offences where the proof is evident, or the presumption great.  Excessive bail shall not be required;  nor excessive fines imposed;  nor cruel and unusual punishments inflicted." [1]

Traditionally, this court has considered the expeditious nature of juvenile proceedings and the strict time limits regarding children held in detention to be a reasonable and adequate substitute for bail.  See R.C. 2151.31 through 2151.314; Juv. R. 1, 6, 7, 23, 27, and 29;  see, also, Kurtz & Gianelli, Ohio Juvenile Law (1997), Section 16.6.

R.C. 2151.31 and Juv. R. 7 set forth the standards for preadjudicatory detention of juveniles.  These provisions, taken together, amount to a presumption against detention.  A child taken into custody shall not be held in detention or shelter care unless any of the following apply:

(1) Detention or shelter care is required to protect the child from immediate or threatened physical or emotional harm;

(2) The child may abscond or be removed from the jurisdiction of the court;

(3) The child has no parent, guardian, custodian or other person able to provide supervision and care for the child and return the child to the court when required;  or

(4) An order for placement of the child in detention or shelter care has been made by the court.

If the court determines, pursuant to the foregoing, that the juvenile shall be held in detention, R.C. 2151.34 limits the length of detention to ninety days. However, the Eighth Appellate District has held the ninety-day limit inapplicable to transfer hearings pursuant to R.C. 2151.26 and Juv.R. 30. *State ex rel. Rivera*

---

1.  The court notes that Section 9, Article I of the Ohio Constitution has been amended, effective January 1, 1998, permitting a court to deny bail in certain circumstances to persons alleged to have committed a felony and who pose a substantial risk of serious physical harm to others or to the community.  The amendment does not affect this decision or the reasoning herein.

*v. Norris* (Apr. 8, 1992), Cuyahoga App. No. 63492, unreported; *Ezell v. Manuel* (July 31, 1990), Cuyahoga App. No. 59828, unreported.

Therefore, under the facts of this case, K.G. could be detained indefinitely without access to bail, but arguably subject to fundamental fairness requirements of the federal and state Due Process Clauses and a juvenile's *constitutional* right to a speedy trial under the Sixth Amendment to the United States Constitution and Section 9, Article I, Ohio Constitution. Although Ohio courts have held the speedy trial provisions of R.C. 2945.71(C) not applicable to delinquency proceedings, they have nevertheless not disqualified juveniles from asserting the constitutional argument. See *State v. Reed* (1977), 54 Ohio App.2d 193, 194, 8 O.O.3d 333, 334, 376 N.E.2d 609, 610: "With respect to the constitutional right to a speedy trial, the rationale and progeny of [*In re*] *Gault* [(1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527] suggests there is no distinction between adults and juveniles."

Although Juv.R. 7(G) requires the court to conduct a detention rehearing within seventy-two hours upon the filing of a motion by the juvenile, K.G. is not afforded the safeguard of the detention time limits to which he would be entitled in a nontransfer matter.

Neither the United States Supreme Court nor the Ohio Supreme Court has passed on the issue of whether the right to bail is available in juvenile proceedings. Nevertheless, nothing in the juvenile statutory or procedural scheme or in the binding case law precludes this court from admitting a child to bail.

The Second Appellate District has ruled that a court's refusal to admit a juvenile to bail did not transgress his constitutional rights because the bail provisions of the Ohio Constitution had application only to "offenses." *State ex rel. Peaks v. Allaman* (1952), 66 Ohio Law Abs. 403, 115 N.E.2d 849. The Second Appellate District found that accused juveniles were not charged with "offenses" pursuant to then existing G.C. 1639–30. *Id.* at 405, 115 N.E.2d at 851. (*Peaks* did *not* involve a request for waiver of jurisdiction.)

However, the juvenile justice system of today bears little resemblance to that of 1952. In *Schall v. Martin* (1984), 467 U.S. 253, 104 S.Ct. 2403, 81 L.Ed.2d 207, the Supreme Court detailed its efforts since 1966 to expand certain procedural safeguards in juvenile matters, while maintaining the distinct and special nature of juvenile courts:

"There is no doubt that the Due Process Clause is applicable in juvenile proceedings. 'The problem,' we have stressed, 'is to ascertain the precise impact of the due process requirement upon such proceedings.' *In re Gault*, 387 U.S. 1, 14 [87 S.Ct. 1428, 1436, 18 L.Ed.2d 527, 538] (1967). We have held that certain basic constitutional protections enjoyed by adults accused of crimes also apply to

juveniles. See *id.* at 31–57 [87 S.Ct. at 1445–1459, 18 L.Ed.2d at 548–563] (notice of charges, right to counsel, privilege against self-incrimination, right to confrontation and cross-examination); *In re Winship,* 397 U.S. 358 [90 S.Ct. 1068, 25 L.Ed.2d 368] (1970) (proof beyond a reasonable doubt); *Breed v. Jones,* 421 U.S. 519 [95 S.Ct. 1779, 44 L.Ed.2d 346] (1975) (double jeopardy). But the Constitution does not mandate elimination of all differences in the treatment of juveniles. See, *e.g., McKeiver v. Pennsylvania,* 403 U.S. 528 [91 S.Ct. 1976, 29 L.Ed.2d 647] (1971) (no right to jury trial). The State has 'a parens patriae interest in preserving and promoting the welfare of the child,' *Santosky v. Kramer,* 455 U.S. 745, 766 [102 S.Ct. 1388, 1401, 71 L.Ed.2d 599, 615] (1982), which makes a juvenile proceeding fundamentally different from an adult criminal trial. We have tried, therefore, to strike a balance—to respect the 'informality' and 'flexibility' that characterize juvenile proceedings, *In re Winship, supra,* at 366 [90 S.Ct. at 1073–1074, 25 L.Ed.2d at 376–377], and yet to ensure that such proceedings comport with the 'fundamental fairness' demanded by the Due Process Clause. *Breed v. Jones, supra,* [421 U.S.] at 531 [95 S.Ct. at 1786–1787, 44 L.Ed.2d at 356–357]; *McKeiver, supra,* at 543 [91 S.Ct. at 1985, 29 L.Ed.2d at 659–660] (plurality opinion)." *Schall,* 467 U.S. at 263, 104 S.Ct. at 2409, 81 L.Ed.2d at 216.

Further, the Supreme Court has addressed the application of due process of law specifically to transfer proceedings by holding that waiver of juvenile court jurisdiction is "a critically important action determining vitally important statutory rights of the juvenile." *Kent v. United States* (1966), 383 U.S. 541, 556, 86 S.Ct. 1045, 1055, 16 L.Ed.2d 84, 94. Accordingly, a transfer hearing "must measure up to the essentials of due process and fair treatment." *Id.* at 562, 86 S.Ct. at 1057, 16 L.Ed.2d at 98.

Legislatures throughout the various states have approached the juvenile-right-to-bail issue in three different manners: some allow bail as a discretionary matter, some deny any right to bail, and others have remained silent on the issue.

Ohio's legislature has opted to remain silent on the issue of bail in preadjudicatory juvenile proceedings, and, therefore, this court today holds that such a determination is within the discretion of the juvenile court.

Of paramount importance to this court's decision to admit the juvenile herein to bail is the nature of the proceedings involved. The state has requested this court to relinquish jurisdiction and transfer the matter to the general division of the court of common pleas for prosecution as an adult. This court notes that K.G.'s petition for a commensurate increase in constitutional protections, *i.e.,* bail, is consistent with the state's request to deprive K.G. of the rights attendant to juvenile proceedings, thereby exposing him to treatment as an adult. See *People ex rel. Davis v. Vazquez* (1982), 92 Ill.2d 132, 65 Ill.Dec. 262, 441 N.E.2d 54, holding that minors accused of delinquency have a right to bail, where a

possibility exists that the minors would be subject to the consequences of prosecution and conviction as adult offenders, and where, if the minors were prosecuted as adults, they would have a definite right to release on bail. In fact, R.C. 2151.26(F) and Juv.R. 30(H) require a juvenile court to set bond when jurisdiction is waived and the matter is transferred to the general division of the court of common pleas.

Further, the unambiguous language of the Bail Clause of Ohio's Constitution (Section 9, Article I) assists this court in reaching its conclusion. The clause covers within its ambit "[a]ll persons." Juveniles are persons within the meaning of Ohio's Bail Clause.

Moreover, a criminal defendant's statutory right to a speedy trial does not commence until the juvenile court relinquishes jurisdiction. Kurtz & Gianelli, *supra,* at Section 19.22, citing *State v. Bickerstaff* (1984), 10 Ohio St.3d 62, 67, 10 OBR 352, 356–357, 461 N.E.2d 892, 896–897.

There are certainly some who feel that providing such constitutional protections to juveniles would frustrate *parens patriae* objectives by creating a formalistic and adversarial environment. But, as Justice Fortas noted, "the observance of due process standards, intelligently and not ruthlessly administered, will not compel the States to abandon or displace any of the substantive benefits of the juvenile process." *Gault,* 387 U.S. at 21, 87 S.Ct. at 1440, 18 L.Ed.2d at 543.

Therefore, a juvenile court *may,* in its discretion, admit a juvenile to bail pursuant to Section 9, Article I of the Ohio Constitution in an action wherein a request for waiver of jurisdiction has been made, pursuant to R.C. 2151.26 and Juv.R. 30, seeking transfer of the matter to the general division of the court of common pleas for prosecution as an adult.

*So ordered.*