**In re GILLESPIE, Appellant.**

[Cite as *In re Gillespie*, 150 Ohio App.3d 502, 2002-Ohio-7025.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–592.

Decided Dec. 19, 2002.

Thomas J. Brock, for appellant.

Ron O'Brien, Franklin County Prosecuting Attorney, and Katherine J. Press, Assistant Prosecuting Attorney, for appellee state of Ohio.

---

DESHLER, Judge.

{¶ 1} This is an appeal by appellant, Dean A. Gillespie, from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, overruling appellant's objections to a magistrate's decision.

{¶ 2} On May 8, 2000, a complaint was filed against appellant, alleging that he was a delinquent child, having committed the dual offenses of receiving stolen property, in violation of R.C. 2913.51, and unauthorized use of a motor vehicle, in violation of R.C. 2913.03(A). After some delay, an adjudicatory hearing was conducted on September 22, 2000. Therein, the charges were amended to attempted receipt of stolen property, in violation of R.C. 2923.02 as it relates to R.C. 2913.51, a felony of the fifth degree. Appellant admitted the attempted receipt of stolen property offense. The magistrate accepted the admission and found appellant to be a delinquent minor. Appellant was placed on probation until May 1, 2001, or until successful completion of all conditions of probation. A minor at the time of the complaint and adjudication as delinquent, appellant turned 18 years old on November 11, 2000.

{¶ 3} On January 12, 2001, appellant's parole officer filed a motion to exercise continuing jurisdiction with the juvenile court, citing appellant's failure to comply with specific rules of his probation. Appellant subsequently entered an admission to the motion. Thereafter, on March 22, 2001, the magistrate issued a decision sustaining the motion to exercise continuing jurisdiction and committing appellant to the legal custody of the Department of Youth Services ("DYS") for an indefinite term not to exceed appellant's 21st birthday.

{¶ 4} On December 12, 2001, appellant, then 19 years old, was released from DYS. However, appellant remained subject to the terms and conditions of parole as adopted by the trial court in a journal entry filed the previous day, December 11, 2001. According to those terms, appellant was not eligible for discharge from DYS until June 2002, or six months after his release.

{¶ 5} On March 22, 2002, appellant's DYS parole officer filed a motion for the juvenile court to exercise its continuing jurisdiction, citing allegations that appellant violated the terms of his parole by failing to meet with his parole officer, failing to attend two sessions of substance-abuse programming, and missing a treatment session. On the same day, DYS also filed a request for an order of apprehension.

{¶ 6} It appears that appellant missed the above appointments in part because of his alleged involvement in another criminal offense. On March 21, 2002, appellant was indicted, as an adult, in the Franklin County Court of Common Pleas, General Division, for receiving stolen property, a fourth-degree felony, in violation of R.C. 2913.51. On March 25, 2002, in regard to the new criminal charges, bail was set and appellant was thereby released. The offense alleged in the indictment occurred on March 14, 2002, when appellant was 19 years old.

{¶ 7} However, by an order filed March 27, 2002, the magistrate issued a warrant to arrest appellant for his parole violation. The magistrate further issued an order to hold appellant in detention pending a hearing on the March 22, 2002 motion to exercise continuing jurisdiction. Appellant was accordingly detained.

{¶ 8} On April 3, 2002, a hearing was conducted before a magistrate. By oral motion, appellant's counsel requested that the juvenile court relinquish its jurisdiction over appellant. The magistrate denied appellant's request. Instead, the magistrate sustained the motion to exercise its continuing jurisdiction. Furthermore, after accepting appellant's admission to violations of the terms and conditions of his parole, the magistrate revoked the parole. As a consequence, appellant was returned to the custody of DYS for institutionalization. The magistrate filed a decision reflecting the above findings on April 12, 2002, and the trial court adopted the magistrate's decision on the same day.

{¶ 9} On April 16, 2002, counsel for appellant filed objections to the magistrate's decision. Subsequently, on May 15, 2002, there was a hearing regarding the objections. However, by judgment entry filed May 21, 2002, the trial court overruled appellant's objections and affirmed the magistrate's decision.

{¶ 10} By timely appeal, appellant sets forth the following assignment of error:

{¶ 11} "Trial court erred in denying appellant's motion to terminate its jurisdiction over appellant on the basis that Ohio Rev.Code § 2151.23 and § 2151.31, facially and as applied to appellant, are unconstitutional and therefore void under the United States and Ohio Constitutions, in that these provisions empower juvenile court to establish discriminant classifications, (1) adults and (2) adults classified as juveniles, that fundamentally impede the fundamental right to bail of appellant and other adults in similar circumstances in violation of the Eighth and Fourteenth, both *Due Process* and *Equal Protections* Clauses, Amendments of the United States Constitution and Sections One, Two, Nine, and Sixteen of the Ohio Constitution, Article One, *Bill of Rights,* with regard to the following grounds: (1) Denial of the fundamental right of bail; (2) Fundamental unfairness; and (3) Denial of the Equal Protection of the Laws."

{¶ 12} Contrary to appellant's contention, we conclude that the trial court committed no error by continuing to exercise its lawful jurisdiction over appellant. Likewise, we find that both R.C. 2151.23 and 2151.31 are constitutional, facially and as applied to appellant, as neither statute authorizes a juvenile court to impermissibly discriminate between adults and adult-juveniles, thus impeding an adult's fundamental right to bail prior to conviction. Nor have appellant's due process or equal protection rights been violated. Accordingly, we affirm.

{¶ 13} The statutes challenged by appellant address the jurisdiction of the juvenile court over a minor. More specifically, R.C. 2151.23 grants the juvenile court exclusive original jurisdiction over any child taken into custody pursuant to R.C. 2151.31, upon notification of the intent, and underlying reason, to take that child into custody. R.C. 2151.23(A)(8). R.C. 2151.31 governs the apprehension, custody, and detention of a minor in Ohio's juvenile system. And, although unmentioned by appellant, R.C. 2151.38 further provides that the juvenile court's jurisdiction over a child adjudicated as a delinquent prior to the age of 18 continues until that child's 21st birthday. R.C. 2151.38; *Calogeras v. Calogeras* (J.C.1959), 82 Ohio Law Abs. 438, 441–442, 10 O.O.2d 441, 163 N.E.2d 713 (" 'The jurisdiction of the Juvenile Court having attached when the child is under 18 years of age, the child continues to be the ward of the Court until attaining the age of 21 years' ").

{¶ 14}   Therefore, pursuant to Ohio's statutory scheme, if a person, such as appellant herein, is adjudicated delinquent prior to the age of 18, that person remains a child in the eyes of the juvenile court until the age of 21.   And the juvenile court retains exclusive original jurisdiction over that child's progress through the juvenile system as the result of that adjudication.   Consequently, the juvenile court's continued exercise of its jurisdiction over appellant regarding his parole violation was not an act of discrimination treating appellant differently from other adults, but, rather, an act recognizing appellant's ongoing status as a juvenile.

{¶ 15}   Indeed, the juvenile court's jurisdiction did not reach appellant when he was indicted as an adult on charges alleging criminal activity at age 19.   Rather, the common pleas court exercised jurisdiction over those charges.   Appellant's parole violation constituted an entirely separate, but no less legitimate, matter.   And, as we noted in the strikingly similar case of *In re Kelly* (Mar. 4, 1999), Franklin App. No. 98AP–588, 1999 WL 132862:

{¶ 16}   "* * * Appellant has failed to point to any statutory authority for the proposition that an individual cannot be treated as a 'child' (subject to the jurisdiction of the juvenile court) for an act committed before the age of eighteen, and as an 'adult' for a separate offense committed after attaining the age of eighteen (subject to the jurisdiction of the general division of the court of common pleas).   * * *"

{¶ 17}   Though the issue presently before us is not one primarily based on the propriety of jurisdiction, as it was in *Kelly,* our previous observation is equally compelling as it relates to our conclusion.   For appellant's argument remains based on the incorrect assertion that the juvenile court is permitted to treat "adults classified as juveniles" in a discriminatorily different manner than "adults."   However, as the foregoing established, the juvenile court does not function in terms of "adults" and does not handle "adult" offenses; instead, that court exercises its jurisdiction only over "juveniles."   And, just as the separate jurisdiction of the courts may coexist according to classifications of "adult" and "juvenile," so may the divergent dispositions of those courts.

{¶ 18}   It is clear that the juvenile court's continued application of its jurisdiction did not act to arbitrarily or capriciously deny appellant's right to bail under the adult charges.   In fact, as mentioned, the common pleas court granted appellant bail and released him from its immediate custody.   However, the common pleas court's ability to exert its power over appellant pursuant to the criminal charges did not eviscerate the juvenile court's coexisting power to hold appellant pursuant to his parole violation.   Simply put, appellant was never

denied bail (as an adult), but was detained (as a juvenile) for an altogether distinct offense.

{¶ 19}   Furthermore, it is well established that it is constitutionally permissible for juveniles to be treated differently from adults in the eyes of the law. Thus, any contention that appellant was unconstitutionally denied the right to bail under the juvenile system, whether couched in terms of fundamental fairness and due process or equal protection, must also fail.

{¶ 20}   The very history of the juvenile system has, essentially, mandated a disparity in treatment between adults and juveniles.   As explained by the United States Supreme Court, "[f]rom the inception of the juvenile court system, wide differences have been tolerated indeed insisted upon between the procedural rights accorded to adults and those of juveniles."   *In re Gault* (1967), 387 U.S. 1, 14, 87 S.Ct. 1428, 1436, 18 L.Ed.2d 527.   Thus, certain basic constitutional protections afforded adults, for example the right to counsel, the privilege against self-incrimination, and freedom from double jeopardy, are applicable to juvenile proceedings.   *Schall v. Martin* (1984), 467 U.S. 253, 263, 104 S.Ct. 2403, 81 L.Ed.2d 207.   "But the Constitution does not mandate elimination of all differences in the treatment of juveniles.   * * * The State has 'a parens patriae interest in preserving and promoting the welfare of the child,' * * * which makes a juvenile proceeding fundamentally different from an adult criminal trial."   Id.

{¶ 21}   The Ohio Supreme Court has similarly differentiated the juvenile system, describing it as " 'neither a criminal prosecution, nor a proceeding according to the course of common law.' "   *In re Agler* (1969), 19 Ohio St.2d 70, 72, 48 O.O.2d 85, 249 N.E.2d 808, quoting *Prescott v. State* (1869), 19 Ohio St. 184, 1869 WL 42.   Thus, "[a] child is not a criminal by reason of any Juvenile Court adjudication, and civil disabilities ordinarily following conviction do not attach." *Agler* at 73, 48 O.O.2d 85, 249 N.E.2d 808.   In fact, it is "long held that juvenile court proceedings are civil, rather than criminal, in nature."   *In re Anderson* (2001), 92 Ohio St.3d 63, 65, 748 N.E.2d 67, citing *Cope v. Campbell* (1964), 175 Ohio St. 475, 26 O.O.2d 88, 196 N.E.2d 457, paragraph one of the syllabus, overruled on other grounds in *Agler*, supra.   Because juvenile proceedings are civil in nature, "the infusion into such procedure of the full inventory of rights or features provided in criminal cases, other than those essential to due process generally would predictably destroy the individualized, remedial nature of adjudication therein."   *Agler*, supra, at 78–79, 48 O.O.2d 85, 249 N.E.2d 808.

{¶ 22}   Thusly recognizing the differences between the adult and juvenile system, the latter marked by its civil nature as well as the state's parens patriae interest, several procedural protections granted adults are withheld from juveniles.   A juvenile, for example, is not entitled to indictment by grand jury, to a

public trial, or to trial by jury. *Gault,* supra, citing *Kent v. United States* (1966), 383 U.S. 541, 555, 86 S.Ct. 1045, 1054, 16 L.Ed.2d 84; *Agler,* supra. See, also, *In re Cundiff* (Jan. 13, 2000), Franklin App. No. 99AP–364, 2000 WL 28845 (right to jury trial); *State v. Trapp* (1977), 52 Ohio App.2d 189, 190, 6 O.O.3d 175, 368 N.E.2d 1278 (speedy trial).

{¶ 23} Significant to the present inquiry, it is also widely held that "a juvenile has no absolute constitutional right to bail." *Kelly,* supra. See, also, *Gault,* supra; *State ex rel. Peaks v. Allaman* (App.1952), 66 Ohio Law Abs. 403, 51 O.O. 321, 115 N.E.2d 849 (since a juvenile is not charged with an "offense," he is not entitled to bail under the provisions of the Ohio Constitution). Appellant fails to indicate any authority stating a contrary conclusion. The authority appellant does cite is irrelevant to a juvenile proceeding and merely emphasizes the importance of the right to bail afforded to an adult, a person accused of an offense within the adult criminal justice system. Appellant's argument simply does not substantiate the existence of a due process violation.

{¶ 24} Similarly, appellant's equal protection argument is without merit and must fail. As we observed in *Cundiff,* the concept of equal protection guarantees only that similarly situated individuals will not be subject to arbitrary or invidious legal distinctions or classifications. *Cundiff,* supra, citing *In re Vaughn* (Aug. 13, 1990), Butler App. No. CA89–11–162, 1990 WL 116936. And, as the foregoing discussion illustrates, it is widely accepted that juveniles are not treated like adults under our judicial system. Certainly, then, "juveniles adjudicated delinquent and adults convicted of a crime are not groups that are similarly situated." Id. Therefore, the proper comparison to make is not whether appellant, as a juvenile, is afforded the same rights as an adult, but whether he is treated equally with other juveniles. *Kelly,* supra. Appellant does not claim that he was treated dissimilarly from other juveniles; he claims only that he was treated differently from adults. We have already established that such unequal treatment is part and parcel of the differences between the two distinct systems. Again, appellant's argument is unpersuasive.

{¶ 25} Based on the foregoing, we find that the trial court did not err in denying appellant's motion to terminate the juvenile court's jurisdiction. Furthermore, we believe it is clear that appellant's constitutional rights remained intact and unmolested. Therefore, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.

*Judgment affirmed.*

PEGGY BRYANT and KLATT, JJ., concur.