OPINION
{¶ 1} In appellate number 05JE50, juvenile appellant Michael Ely appeals from the decision of Jefferson County Common Pleas Court denying his petition for writ of habeas corpus. Within a month after filing that appeal, Ely also filed a separate writ of habeas corpus with this court filed under case number 05JE58. Both the appeal and the original action request the same relief, thus, for our purposes, both will be dealt with simultaneously. The relief requested in both the appeal and the writ are that Ely should be released or a reasonable bail set. This relief was requested due to the number of days Ely has been held in detention without having an adjudicatory hearing. For the reasons expressed below, considering the facts of this case, we find little merit with Ely's arguments. Thus, the juvenile court's denial of the writ of habeas corpus is affirmed and likewise, the original action for writ of habeas corpus filed with this court is also denied.
 STATEMENT OF CASE {¶ 2} On September 7, 2005, Ely was arrested. A two count delinquency complaint was issued against him on September 8, 2005. That same day, a hearing was held on the delinquency complaint. At the hearing Ely denied the offenses charged against him. A pretrial hearing was set for October 20, 2005.
 {¶ 3} On September 14, Ely filed three separate motions. The first requested a bill of particulars, the second was a request for discovery, and the third was a motion for immediate release.
 {¶ 4} On September 16, 2005, the state filed answers to the discovery request, and a motion in opposition to the motion for immediate release. That same date, Ely filed a motion requesting the juvenile court to restrain Kevin and Kathy Ney from disseminating any further information about Ely.
 {¶ 5} On September, 21, 2005, the juvenile court, without holding a hearing, denied Ely's motion for immediate release and also denied the motion requesting a restraining order.
 {¶ 6} The next day on September 21, 2005, Ely filed two motions with the juvenile court. The first motion requested findings of fact and conclusions of law for the juvenile court's denial of the restraining order. The second motion additionally requested findings of fact and conclusions of law regarding the juvenile court's denial of Ely's motion for immediate release. In response to these motions, on the same day that the motions were filed, the juvenile court ordered counsel to prepare findings of fact and conclusions of law.
 {¶ 7} On October 13, 2005, Ely filed with the juvenile court, his petition for writ of habeas corpus. On October 20, 2005, a hearing was held on the writ of habeas corpus. Following the hearing, the juvenile court denied the writ.
 {¶ 8} Ely filed an appeal from that order on October 26, 2005. Thereafter on November 29, 2005, Ely filed a writ of habeas corpus with this court requesting his release or an order requiring the juvenile court to set a reasonable bail.
 ASSIGNMENT OF ERROR {¶ 9} "THE TRIAL COURT WITHOUT AN ENTRY SETTING FORTH REASONING OR CONCLUSIONS, DENIED ALLEGED DELINQUENT CHILD'S REQUEST FOR RELEASE PURSUANT TO A PETITION FOR HABEAS CORPUS."
 {¶ 10} The procedural facts in this case are undisputed; Ely has been held in detention since September 7, 2005; no bond has been set; and no adjudicatory hearing has been set. Ely requests that this court either order his release from detention or order the juvenile court to set a reasonable bail. Ely bases this request on his perceived constitutional right to bail and to a speedy adjudicatory hearing, or in other words, a speedy trial.
 {¶ 11} Even though juvenile proceedings have been characterized as "civil" rather than "criminal" proceedings, the Ohio Supreme Court has made it clear that this distinction is of limited significance. "Whatever their label, juvenile delinquency laws feature inherently criminal aspects that we cannot ignore. * * * For this reason, numerous constitutional safeguards normally reserved for criminal prosecutions are equally applicable to juvenile delinquency proceedings. * * * Just as we cannot ignore the criminal aspects inherent in juvenile proceedings for purposes of affording certain constitutional protections, we also cannot ignore the criminality inherent in juvenile conduct that violates criminal statutes. * * * Whether the state prosecutes a criminal action or a juvenile delinquency matter, its goal is the same: to vindicate a vital interest in the enforcement of criminal laws." State v. Walls, 96 Ohio St.3d 437,2002-Ohio-5059, at ¶ 26 (internal citations omitted).
 {¶ 12} Accordingly, numerous constitutional safeguards normally reserved for criminal proceedings are equally applicable to juvenile delinquency proceedings. Id. For instance, a juvenile's right to be free from unreasonable search and seizure by law enforcement officers is the same as if he were an adult. Id., citing In re L.L. (1979), 90 Wis.2d 585, 592; New Jerseyv. T.L.O. (1985), 469 U.S. 325. Likewise, the juvenile's Fifth Amendment and Sixth Amendment rights are the same as if he were an adult; a juvenile is entitled to notice of the charges, right to counsel, the right to court-appointed counsel, the protection against self-incrimination, and the right to confrontation of witnesses. In re Gault (1967), 387 U.S. 1; In re Winship
(1970), 397 U.S. 358.
 {¶ 13} That said, recognizing the differences between the adult and juvenile system, the latter marked by its civil nature as well as the state's parens patriae interest, several procedural protections granted to adults are withheld from juveniles. In re Gillespie, 150 Ohio App.3d 502,2002-Ohio-7025, at ¶ 22. For instance, a juvenile is not entitled to indictment by grand jury, to a public trial, or to trial by jury. Gault, 387 U.S. 1, citing Kent v. United States (1966),383 U.S. 541, 555. See, also, In re Cundiff (Jan. 13, 2000), 10th Dist. No. 99AP-364 (right to jury trial is not available to juvenile). Furthermore and significant to the present inquiry, it has been widely held that "a juvenile has no absolute constitutional right to bail." Gillespie, 150 Ohio App.3d 502,2002-Ohio-7025, at ¶ 22, citing In re Kelly (Mar. 4, 1999), 10th Dist. No. 98AP-588. See, also, Gault, 387 U.S. 1; Stateex rel. Peaks v. Allaman (App. 1952), 66 Ohio Law Abs. 403, (since a juvenile is not charged with an "offense," he is not entitled to bail under the provisions of the Ohio Constitution).
 {¶ 14} Other protections such as the constitutional right to a speedy trial or adjudication has not been addressed by either the United States Supreme Court nor the Ohio Supreme Court. Inre: Zackery Gibbs (Mar. 13, 1998), 11th Dist. No. 97-L0-67 (stating, however, that juveniles are not entitled to a speedy trial claim under the Ohio statutes). The Gibbs court explained, without deciding the issue, that if a juvenile was entitled to a speedy adjudication then the balancing test set forth in Barker v. Wingo (1972), 407 U.S. 514 would apply. This means the length of the delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant would be considered to determine whether the constitutional right to a speedy trial was violated. Gibbs,
11th Dist. No. 97-L-067.
 {¶ 15} Considering all the above, and the arguments made in this case, we must conclude that the juvenile court did not err in denying the writ of habeas. As aforementioned the "constitutional" protections Ely is asserting is the right to bail and within that argument is an implicit argument that he has the right to a speedy adjudication.
 {¶ 16} As was explained above, while some constitutional protections are afforded to juveniles, the right to bail is not one of them. Furthermore, case law is unclear as to whether a juvenile has a right to a speedy adjudication. In the present matter before us, a detention of 90 plus days without an adjudicatory hearing may be cause for concern relative to issues of fundamental reasonableness and protections that are engrained in our judicial system.
 {¶ 17} However, that initial concern is dissipated in light of the facts presented. Here, it is clear that the juvenile court is not acting unreasonable and that this case is moving at a reasonable pace considering all factors. As is shown in the statement of the case, from the time of Ely's arrest on September 7, 2005 until the filing of the writ of habeas corpus with the juvenile court on October 13, 2005, Ely filed six motions excluding the writ of habeas corpus. These were either motions that the juvenile court had to rule on or requests to which the state had to respond. Prior to the October 13, 2005 writ of habeas corpus, the court ruled on all motions and the state had responded to all but one request (it provided discovery, but did not provide a bill of particulars).[1]
 {¶ 18} As to the writ that was filed on October 13, 2005, the juvenile court held a hearing on October 20, 2005. This was seven days after the writ was filed. The juvenile court ruled on this motion following the hearing. Ely appealed that ruling on October 26, 2005.
 {¶ 19} Thus, from the time of the arrest to the appeal, which was approximately a month and a half, the case was proceeding forward. Any delay that occurred within this time frame was caused by Ely.
 {¶ 20} Following the October 26, 2005 filing of the appeal, the record discloses that nothing was filed and no action was taken in the juvenile court. On November 29, 2005, Ely then filed the original action for writ of habeas corpus in this court. Furthermore, this court was informed during oral arguments that in early to mid December 2005, an affidavit of prejudice was filed with the Ohio Supreme Court against Juvenile Judge Kerr in this case.
 {¶ 21} While action could have been taken by the juvenile court during November 2005, since the filing of the appeal did not completely divest the juvenile court of jurisdiction over a case, Hagood v. Gail (1995), 105 Ohio App.3d 780, 784, citingYee v. Erie Cty. Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44
(stating a trial court retains all jurisdiction which does not conflict with the jurisdiction of the appellate court"), considering the whole case, we cannot find that the juvenile court has unjustly delayed the proceedings or has acted unreasonably. The majority of the filings of this case, including the recent motion to disqualify, have been done by Ely. Moreover, any motion the juvenile court was required to rule on was done expeditiously.
 {¶ 22} Consequently, since a juvenile does not have a constitutional right to bail, and we can find no constitutional speedy adjudication violation, we affirm the juvenile court's denial of the writ of habeas corpus. For those same reasons, we likewise, find no merit with the writ filed with this court. While we would urge the juvenile court to proceed to the adjudication phase in this matter, such action is hindered by the filing of the affidavit of prejudice. R.C. 2701.03(D)(1) (stating "the affidavit deprives the judge against whom the affidavit was filed of any authority to preside in the proceeding until the chief justice of the supreme court, or a justice of the supreme court designated by the chief justice, rules on the affidavit pursuant to division (E) of this section").
 {¶ 23} The judgment of the trial court is affirmed and the writ of habeas corpus is denied.
Donofrio, P.J., concurs.
Waite, J., concurs.
[1] Nor, necessarily is it required to do so. See, In theMatter of Holmes (Feb. 10, 1997), 5th Dist. No. 1996CA00085 (stating that unlike the criminal rules, the juveniles rules do not provide for a request for a bill of particulars). Regardless, all of the information that would have been in a bill of particulars was given to Ely through the discovery provided by the state.