OPINION
{¶ 1} Juvenile-Appellant Guy Brown appeals the September 29, 2005, judgment of the Stark County Court of Common Pleas, Juvenile Division.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On June 2, 2005, appellant Guy Brown, a juvenile, was charged with one count of delinquency by means of aggravated menacing in violation of R.C. 2903.21 and one count of delinquency by means of criminal trespass in violation of R.C.2911.21(A)(4).
 {¶ 4} The case was set for trial before Magistrate Frantz of the Stark County Common Pleas Court, Family Division.
 {¶ 5} On August 16, 2005, the trial commenced before the magistrate.
 {¶ 6} The trial began with the State's presentation of its first three witnesses. Brown's mother testified to his birth date, July 23, 1988, and to the fact that Brown was age 16 on the date of the offense. (T. at 4). The State then called two police officers, Ptl. Silver and Ptl. Tucker, who testified that they were dispatched to the 900 block of Alan Page Drive S.E. in reference to a problem between security and several individuals. (T. at 6, 15-16). Reading from their reports of the incident, the officers testified that Jake Gabbard reported that two suspects entered the property of Skyline Terrace after being told not to return, threatened to beat up Gabbard, and threatened to come to his house, kill him in his sleep, and burn his house down. (T. at 11-12, 15-17). One suspect was identified as Brown. (T. at 12, 17). Both officers testified that they did not witness the incident and had no first-hand knowledge of what took place. (T. at 12, 17).
 {¶ 7} The State called its next witness, Brian Jeffries. The prosecutor asked the court's permission to check to see whether Jeffries had arrived, and the court gave the prosecutor three minutes to do so. When the prosecutor returned, he requested a continuance, stating that Jeffries had called and said he was en route to the courthouse but had not yet arrived. The defense opposed the State's request for a continuance. (T. at 18-21).
 {¶ 8} The magistrate denied the State's Motion for Continuance on the basis that the trial had already commenced. (T. at 19). The court then asked the defense whether it had any motions. At that time, the defense immediately moved for acquittal.
 {¶ 9} The following exchange took place:
 {¶ 10} "THE COURT: Do you have any other witnesses at this time?
 {¶ 11} "[PROSECUTOR]: Your honor, I've subpoenaed a couple witnesses —
 {¶ 12} "THE COURT: I know, I just need to ask you for the record, Mr. Burnworth, if you have any other witnesses.
 {¶ 13} "[PROSECUTOR]: If the Court will allow me a minute, I'll walk to the lobby —
 {¶ 14} "THE COURT: No, that we've done. Unfortunately, I mean, I'm not trying to give you a hard time, but its [sic] my recollection looking at the clock that almost an hour ago, we were told somebody would be here, so within a half an hour. Its(sic) not your fault. Certainly you've done everything you can to protect the case. The Court really doesn't have much choice today but to indicate since we can't continue the case and restart the case on another day, at this point then the Court will entertain, based on the evidence that's been presented and (inaudible) motion for acquittal, I grant that, you know, the problem that I have is that none of the witnesses who testified today actually were eyewitnesses to any event, either the criminal trespass or the aggravated menacing in terms of the testimony that's been delivered. So the Court is going to indicate that this matter is dismissed. We're going back on the record. With no other witnesses, I assume that you're moving your documents into evidence and the Court will be happy to accept them over objection, since objection has been raised. Okay. Having said that, you know, the record is complete, but Mr. Burnworth, I still don't have enough to undo the Court's intent to find the acquittal and dismiss because I don't have any witness testimony that actually indicates that this gentleman had been asked to leave the premises and had refused, nor to indicate that he made those statements. Everything else contained in the police reports by witness [sic] is not available." (T. at 20-21).
 {¶ 15} The Magistrate granted the motion for acquittal. (T. at 21).
 {¶ 16} On August 17, 2005, the State of Ohio filed an Objection to Magistrate's Decision.
 {¶ 17} On August 26, 2005, Juvenile Guy Brown filed a Response to State's Objection to Magistrate's Decision.
 {¶ 18} On September 9, 2005, the State of Ohio filed a Memorandum in Support of State's Objection.
 {¶ 19} On September 28, 2005, Juvenile Guy Brown filed a Memorandum in Response to State's Objection to Magistrate's Decision.
 {¶ 20} On September 29, 2005, a hearing on the State's Objection to the Magistrate's Decision was held before the judge. At that hearing the Court sustained the State's Objection and remanded the case back to the magistrate for continuation of the trial in the State's case.
 {¶ 21} It is from this judgment entry that Appellant Guy Brown now appeals, assigning the following errors for review:
 ASSIGNMENT OF ERROR {¶ 22} "I. THE TRIAL COURT'S ORDER REMANDING THE CASE BACK TO THE MAGISTRATE FOR CONTINUATION OF THE TRIAL IN THE STATE'S CASE CONSTITUTES DOUBLE JEOPARDY AND IS IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATE'S CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."
 I. {¶ 23} In his sole assignment of error, Appellant argues that the trial court's decision sustaining the State's objection and ordering a continuation of the trial constitutes double jeopardy.
 {¶ 24} It is well established that it is constitutionally permissible for juveniles to be treated differently from adults in the eyes of the law. In re Gillespie, 150 Ohio App.3d 502,508. However, basic constitutional protections such as the right to counsel, the privilege against self-incrimination, and freedom from double jeopardy, are applicable to juvenile proceedings.Schall v. Martin (1984), 467 U.S. 253, 263, 104 S.Ct. 2403,81 L.Ed.2d 207.
 {¶ 25} Preliminarily, the Fifth Amendment's bar to double jeopardy is applicable to state proceedings by virtue of the Fourteenth Amendment. See, Benton v. Maryland (1969),395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707. In a jury trial, jeopardy attaches when the jury is empanelled and sworn. Downum v. UnitedStates (1963), 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100. Jeopardy does not attach in a non-jury criminal proceeding until the first witness is sworn to testify. Crist v. Bretz (1978),437 U.S. 28, 37, 98 S.Ct. 2156, 57 L.Ed.2d 24; Serfass v. UnitedStates (1975), 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265;United States v. Martin Linen Supply Co. (1977), 430 U.S. 564,97 S.Ct. 1349, 51 L.Ed.2d 642.
 {¶ 26} Generally, double jeopardy attaches to provide protection against three distinct types of errors in the prosecution of criminal cases: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. United States v. Harper (1989), 490 U.S. 435,440, 109 S.Ct. 1892, 104 L.Ed.2d 487.
 {¶ 27} In the case sub judice, the Magistrate granted Appellant's motion for acquittal which was made shortly after the Magistrate denied the State's motion for a continuance to allow time for a key witness to appear and testify.
 {¶ 28} Juv.R. 40(E)(4) controls when a magistrate's decision becomes effective:
 {¶ 29} "Court's action on magistrate's decision.
 {¶ 30} "(a) When effective. The magistrate's decision shall be effective when adopted by the court as noted in the journal record. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision.
{¶ 31} "(b) Disposition of objections. The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter itself. In delinquency, unruly, or juvenile traffic offender cases, the court may hear additional evidence or hear the matter itself only with the consent of the child. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration."
 {¶ 32} As set forth above, the State filed an objection to the Magistrate's decision which was ultimately sustained by the trial court. We do not find that the decision of the trial court to sustain the State's Objection to the Magistrate's Order, vacating the dismissal and remanding the case back to the magistrate for a continuation of the trial can be construed as an attempt to punish appellant a second time for the same crime.
 {¶ 33} Appellant's sole assignment of error is overruled.
 {¶ 34} This cause is affirmed.
Boggins, J. Wise, P.J., concurs Hoffman, J. concurs separately.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.